IN THE

# SUPREME COURT OF ILLINOIS.

| 79 | 11 |
| 128 | 428 |
| 79 | 11 |
| 130 | 68 |
| 79 | 11 |
| 149 | 554 |
| 79 | 11 |
| 157 | 553 |

## NORTHERN GRAND DIVISION.

### SEPTEMBER TERM, 1875.

---

GEORGE E. PURRINGTON *et al.*

*v.*

THE PEOPLE *ex rel.* Henry B. Miller.

1. TAXES—*assessments valid, though not returned by the day fixed by law.* Athough, under the statute, it is the duty of the town assessor to make return of the assessment books to the county clerk on or before the first day of July, of the year for which the assessments are made, yet a failure to make the return within the time limited does not render the assessment invalid.

2. SAME—*formal objections not favored.* This court is not inclined to entertain merely formal objections to taxes levied by municipalities, where the irregularities complained of do not affect unjustly the rights of the citizen.

APPEAL from the County Court of Cook county; the Hon. MARTIN R. M. WALLACE, Judge, presiding.

Messrs. HARRISON & WHITEHEAD, for the appellants.

Mr. JOHN M. ROUNTREE, for the appellees.

Mr. Chief Justice Scott delivered the opinion of the Court:

This appeal is from a judgment against delinquent lands for the taxes of 1874. One objection made is, that the assessors for the town in which the lands are situated did not return their assessment books within the time required by law. Under the statute, it is the duty of the assessors to make return of the assessment books to the county clerk, on or before the first day of July of the year for which the assessments were made. This was not done in this case. In one town, the return was not made until the 13th day of July, and in the other, not until the 24th day of the same month. But the assessments were not invalid for that reason. Express provision is made that a failure to complete an assessment in the time required shall not render it void, but the same, notwithstanding the delay, shall be as valid and legal as if completed by the day fixed by the law. R. S. 1874, chap. 120, sec. 280.

No assessment roll or tax list, in any judicial proceeding, shall be declared invalid on account of not having been completed or returned within the time limited by law. Hence, no amendment in this case was necessary to give the court jurisdiction. The assessment was legal and valid, without amendment, by force of the statute. Nor were the owners at all prejudiced by the delay. After the returns were made, the assessments were considered by the county board, and the owners of lands had ample opportunity, had they chosen to avail of it, to make application to the board for revising and equalizing assessments, for the correction of any errors that might be found to exist. The cases cited on this branch of the case were rendered long before the present statute was enacted, and are not authorities in point.

The position assumed, that the taxes in North Chicago were illegally levied and assessed, seems to be founded upon a misapprehension of the facts in the case. The taxes were

not levied by the county board.   All the board did was to order that the taxes be extended, upon the certificate of the town clerk of the amount audited and allowed by the town auditors of that town, and that was strictly in accordance with the provisions of the statute.   It is made the duty of the town clerk, annually, at a time fixed by law, to certify to the county clerk the amount of taxes required to be raised for all town purposes, and it then becomes the duty of the board to direct that the amount of taxes so certified shall be extended on the collector's book.   R. S. 1874, p. 1081, sec. 115.

The amended record affords evidence the taxes in this case were levied strictly in accordance with the statute, and we are not aware its provisions in this regard have ever been thought to be in conflict with the constitution.   Had the taxes been levied by the county board, the cases cited would have been more nearly in point, but such is not the fact, and they illustrate no phase of the case in hand.

Neither of the objections insisted upon affects, substantially, the justness of the taxes levied.   The property has not been made to bear any more than its just burden of taxation; nor have the owners been debarred of any substantial right, secured by the law of the land, on account of any irregularity suggested.   The tax upon this property is just, and no valid reason exists why the owners should not pay it.   This court is not inclined to entertain merely formal objections to taxes levied by municipalities, when the irregularities complained of do not affect unjustly the rights of the citizen.   Should we do so, it would be impossible to collect either public or municipal revenues.   *Chiniquy* v. *The People,* 78 Ill. 570.

The judgment must be affirmed.

*Judgment affirmed.*