## Eugene S. Pike *et al.*

*v.*

## The People *ex rel.* H. B. Miller, Collector, etc.

1. Taxes and taxation—*collector's report prima facie evidence.* The return of the county collector to the county court, of delinquent lands, is *prima facie* evidence of the legality of the several taxes levied, as stated in such return.

2. Same—*estimate of tax, presumed.* Where the corporate authorities of a town levy a park tax upon the property of the town, it will, in the absence of proof to the contrary, be presumed that the park commissioners made the required estimate.

3. Same—*of the advertisement and application for judgment.* The statute does not require that the collector's advertisement and application for judgment against lands for back taxes, should state the year for which the lands were forfeited.

Appeal from the County Court of Cook county; the Hon. Martin R. M. Wallace, Judge, presiding.

Mr. Wm. Hopkins, and Mr. John P. Wilson, for the appellants.

Messrs. Holden & Moore, for the appellee.

Mr. Justice Breese delivered the opinion of the Court:

This was an application to the county court of Cook county, by the treasurer and collector of the county, for judgment against certain lands in the town of West Chicago and South Chicago, alleged to be delinquent in the payment of certain taxes and assessments levied on the same by the corporate authorities.

Objections were filed to the rendition of a judgment, which

were overruled, and judgment was entered against the lands, to reverse which the owners of the lands appeal.

The first point they make is, that the town and park tax in the town of West Chicago, and the town taxes in the town of South Chicago, are illegal and void.

It appears the collector, in his application to the county court, presented two lists, numbered, respectively, "one" and " two," the first of which contained descriptions of lands and lots in Cook county delinquent for 1874, and also the amounts due and unpaid, for which the property was forfeited to the State for unpaid taxes at the tax sale for the taxes of 1873, and upon which there remained due and unpaid back taxes of 1873, which were added.

In the other list, numbered " two," was specified the delinquent lands and lots in the towns of South Chicago, Hyde Park and Lake, upon which remained due and unpaid the third instalment of a special assessment levied and assessed by the South Park commissioners, and confirmed by the order of the circuit court, together with the names of the owners, and the amount of such instalment due and unpaid on each tract and lot, according to the description contained in the delinquent return made by the county collector to the South Park commissioners.

It must be conceded the return of the county collector is *prima facie* evidence of the legality of the levies, as he has taken an oath to perform his duties according to the law prescribing them.   There is nothing shown by the objections to overcome this presumption.   The town authorities imposed these taxes, and there is nothing to show the county clerk, in extending them, exceeded the amount required.   The case of *Purrington et al.* v. *The People, etc.* 79 Ill. 11, settles the point here made, and the action of the officers is in conformity to section 122 of the General Revenue Law of 1874, R. S. 1874, p. 878.

Again, as to the park tax, the act authorizing the levy of such tax recognizes the town supervisor, clerk and assessor as the proper corporate authorities, who, or a majority of

6—84TH ILL.

whom, may levy the tax. A majority of those officers did levy this tax. There is no evidence the park commissioners did not make the required estimate. The presumption must be they did, as they are functionaries acting under oath, and it is not to be presumed the corporate authorities would have made the levy in the absence of the required estimates.

The next point is, that the park tax is illegal, as a portion of it is in the town of Jefferson. The record does not show this fact, nor is it shown that any portion of this levy is to be expended in the town of Jefferson.

The objection that the advertisements and delinquent lists as to the forfeited lands, do not state the year for which the lands were forfeited, is answered by reference to the statute, which does not require it, and to *Law* v. *The People, post,* p. 142. This record shows when the lands were forfeited. The Revenue Law seems to have been complied with in this particular.

The remaining point is, that the costs included in the judgment are greater than the statute authorizes.

From the examination of this point we have made, it may be the clerk, in making a copy of the record, has misstated a figure. At any rate, the amount of excess is so very trifling as to be undeserving of consideration.

There being no error in the record, the judgment is affirmed.

*Judgment affirmed.*