The St. Louis Bridge Company

*v.*

The People *ex rel.* James D. Baker, Collector.

*Filed at Mt. Vernon May 10, 1889.*

1. Taxation—*town board of review—adjourned meeting.* On the fourth Monday of June, which was the 27th, the assessor and town clerk met to hear complaints in respect of the assessment of property in the town. On objection being made to the assessment of a bridge structure, an adjournment was made to the following day on account of the death of the supervisor, and so on until July 2, when the successor of the supervisor was appointed, and was present, and the assessment of the bridge was raised, on the complaint of the mayor of the city in which the bridge was situated: *Held,* that the action of the board of review in adjourning was not contrary to law.

2. Same—*evidence—to show meeting and adjournment of town board.* The record of a town clerk showing that he and the local assessor met to review the assessment of property, and an adjournment of the hearing of complaints to a subsequent day, is the best evidence of the fact of such meeting and adjournment.

3. Same—*who may complain in respect to an assessment.* The township board of review may increase the assessment of any particular property on the application of any person who shall complain. The right to make such application is not confined to tax-payers. A city interested on account of its revenues may make the application through its mayor.

4. Same—*appeal to the county board.* Where the town board of review improperly increases an assessment, it would seem that the owner of the property assessed may apply to the county board, under section 97 of the Revenue act.

5. Same—*return of assessor's books.* Section 90 of the Revenue act, requiring the assessor to return his books to the county clerk on or before the first day of July, is directory, merely, and under sections 191 and 280, the failure of the assessor to return his books on the day fixed will not vitiate the assessment.

6. Cross-errors—*whether necessary.* On appeal of a tax-payer from a judgment of the county court, the appellee (the collector) can not allege for error the refusal of the county court to render judgment for a particular tax, unless cross-errors have been assigned on the record in accordance with the rule of this court.

Appeal from the County Court of St. Clair county; the Hon. John B. Hay, Judge, presiding.

Messrs. G. & G. A. Koerner, for the appellant:

Under section 86 of the Revenue law, the assessor, town clerk and supervisor are required to meet on the fourth Monday of June, and to review the assessment on the complaint of any person aggrieved, or who complains that the property of another is assessed too low. Any two of the officers may act, and they may adjourn from day to day. The illness or death of one of them is no excuse for not meeting and attending to the business presented. All complaints must be made on the fourth Monday of June, and none can be acted on which are not made on that day. Statutory provisions regarding such board are mandatory, and a compliance is held a condition precedent to any further proceeding. Cooley on Taxation, 365; *Marsh* v. *Chesnut,* 14 Ill. 223; Blackstone on Tax Titles, 42; *Nashville* v. *Weiser,* 54 Ill. 245; *Bank* v. *Cook,* 77 id. 622.

"When, therefore, either directly by the statute, or by some officer or board under its authority, a certain time is fixed for the meeting of a board of review, and the board fails to meet, * * * the tax proceeding must be regarded as having failed to become effectual, because of the officer failing properly to

follow them up as required by law. No argument can be admitted in such case which proposes the acceptance of something else." Cooley on Taxation, 366; *Coburn* v. *Coe,* 57 N. H. 556; *Stuart* v. *Palmer,* 74 N. Y. 183.

The meeting of the commissioners of highways, under section 13, for the levy of the road and bridge tax, was required to have been held on the first Tuesday of September. *Railroad Co.* v. *People,* 116 Ill. 243; *Railway Co.* v. *Commissioners,* 117 id. 279.

However, whether there was a reason for it or not, the law is imperative that this meeting of commissioners should be held on the Tuesday preceding the annual meeting of the board of supervisors.

With *quasi* corporations, such as commissioners of highways, the rule obtains, that their power to impose taxes will be strictly construed. This is the language of this court in *Comrs. of Highways* v. *Newell,* 80 Ill. 587. The time of their meeting for the purpose of levying the tax is jurisdictional; no authority is given them anywhere in the statutes to levy a tax at any other time. No authority is given the commissioners to meet on that day and adjourn their meeting for action to a later day. If they had such an authority the proof shows that they did not exercise it. They did not meet at the office of the auditors, nor anywhere else. They passed no resolution to adjourn. According to the testimony of one of the commissioners, they agreed to meet when the sick commissioner would be well, not even fixing a certain day. If they had met there would have been a quorum to transact business, and they knew, as they testified, that they could transact business. See, also, as to the proof of jurisdiction, *Sanderson* v. *La Salle,* 57 Ill. 441.

Mr. George Hunt, Attorney General, for the appellee:

Error or informality in the proceedings of any of the officers connected with the assessment, levying or collecting of

the taxes, not affecting the substantial justice of the tax itself, does not vitiate, or in any manner affect, the tax or assessment thereof. *Union Trust Co.* v. *Weber,* 96 Ill. 351; *Gage* v. *Bailey,* 102 id. 17.

The remedy for an excessive valuation is by application to the town board of review, under section 86 of the Revenue law, and to the county board, under section 97 of the same law. *Stock Exchange* v. *Gleason,* 121 Ill. 524; *People* v. *Lots in Ashley,* 122 id. 297.

The cases holding the statute mandatory as to the holding of the board of review were decided before the adoption of our present statute, which has worked a radical change. *Chiniquy* v. *People,* 78 Ill. 570.

The precise day for levying the road and bridge taxes, under sections 13, 14 and 16 of the Road law, is not material, but it will be sufficient if the certificate is filed with the county clerk in time to have the tax extended. *Railway Co.* v. *People,* 116 Ill. 232.

When the requirement of the law which has failed of observance is one which has regard simply to the due and orderly conduct of the proceedings, or to the protection of the public interests as against the officer, so that to the tax-payer it is immaterial whether it was complied with or not, a failure to comply ought not to be recognized as a foundation for a complaint by him. Cooley's Const. Lim. 520, note 2.

Lord Mansfield would have the question whether a law is mandatory or not depend upon whether that which was directed to be done was or was not of the essence of the thing required. *Rex* v. *Locksdale,* 1 Burr. 447.

The Supreme Court of New York, in an opinion approved by the Court of Appeals, said: "Statutes directing the mode of proceeding by public officers are directory, and are not regarded as essential to the validity of the proceedings themselves, unless it be so declared in the statute." *People* v. *Cook,* 14 Barb. 290; 8 N. Y. 67.

Under the statute of 1873, and section 191 of the Revenue Code, a failure to levy and return local municipal taxes within the time specified by law will not defeat their collection. *Buck* v. *People,* 78 Ill. 566; *Chiniquy* v. *People,* id. 570; *Railway Co.* v. *People,* 119 id. 211; *Moore* v. *Fessenbeck,* 88 id. 422; *Railroad Co.* v. *Surrell,* id. 535; *Thatcher* v. *People,* 79 id. 597; *Riverside Co.* v. *Howell,* 113 id. 267; *People* v. *Railroad Co.* 88 id. 537.

Mr. F. G. Cockrell, for the city of East St. Louis.

Mr. R. D. W. Holder, for the appellee Baker.

Mr. Justice Magruder delivered the opinion of the Court:

This was an application by appellee, as county collector of Saint Clair County, to the County Court of that county for judgment against delinquent lands. The appellant, the Saint Louis Bridge Company, one of the owners of lands and lots reported as delinquent, appeared and filed three objections to the entry of judgment for the amount of tax reported to be due on the St. Louis Bridge structure. The County Court sustained one of the objections, but overruled the two others, and rendered judgment against property, etc. The case comes before us on appeal from this judgment of the County Court.

The first of the overruled objections is, that the assessment of the bridge structure, made by the township assessor, was illegally raised by the town board of review. The assessor of the township valued the property at $750,000.00; the board of review raised this valuation to $1,000,000.00; the State Board of Equalization accorded a reduction of twenty per cent, so that the amount, on which the taxes were assessed, was $800,000.00. The increase complained of by appellant is that of $750,000.00 to $1,000,000.00.

The 86th section of the Revenue Act provides, that, "in counties under township organization, the assessor, clerk and supervisor shall meet on the fourth Monday of June for the

purpose of reviewing the assessment of property in such town."
In the present case the fourth Monday of June was June 27,
.1887. Appellant contends, that no meeting of the board took
place on that day. It is true, that one Noel, a deputy as-
sessor, says that "as he understands," no meeting took place
on June 27, 1887, on account of the illness of John P. Timlin,
the supervisor.

But the best evidence upon this subject is the record of the
town clerk of East St. Louis. This record was produced in
evidence and is not discredited in any way. It shows that the
assessor and the town clerk met on Monday, June 27, 1887;
that complaint was then made that the property of the Bridge
Company was assessed too low; that an adjournment was
had until June 28, 1887, and that on each day thereafter an
adjournment was had until July 2, 1887. These adjourn-
ments took place from day to day, on account of the death of
the supervisor, Timlin, which occurred on the night of June
27, and on account of the proceedings for the election of his
successor, which resulted in the election, on June 30, of H. C.
Boughan, as such successor. The Board, composed of the
clerk, the assessor and the new supervisor, met on Friday,
July 1, to hear the matter of the increase of the assessment.
The attorney of appellant was present, and it was agreed, that
the hearing should be had on the next day, Saturday July 2.
On the latter day, the assessment was reviewed by the board.
The attorney of the appellant was present at the review, and
participated in the proceedings, introducing and examining
as many as three witnesses.

Counsel for appellant claim, that, as "any two of said offi-
cers meeting are authorized to act" by the terms of section 86,
the assessor and town clerk should have proceeded to review
the assessment on June 27 in the absence of the supervisor,
and that the illness and death of the supervisor furnished no
excuse for the adjournments. The section says, that any two
members of the board "may adjourn from day to day, till they

have finished the hearing of all cases presented on said day," that is, the fourth Monday in June. The case of appellant's property was presented on that day by the application of the Mayor of East St. Louis, complaining that the bridge structure was assessed too low. The board had the power to adjourn as it did, and we see no reason for holding, that respect for the memory of their deceased associate, and a desire to have the assistance of his successor in the performance of their duties, were unworthy reasons for the exercise of such power.

It is said, that the board of review should have closed its labors before Friday, July 1, because the assessor is required by section 90 of the revenue act to return his books to the county clerk on or before the first day of July of the year, for which the assessment is made. But we have held that, under sections 191 and 280 of the act, the failure of the assessor to return the assessment on the day fixed by the statute does not vitiate the assessment. (*Purrington* v. *People,* 79 Ill. 11; *Eurigh* v. *People,* 79 id. 214.)

It is also urged, that the complaint as to the lowness of the assessment must be made to the board, by a tax-payer, and that the City of East St. Louis, acting through its mayor, was not a tax-payer. We think the complaint was properly made by the city, as the latter was interested in the amount of the tax to be raised. Section 86 says that the assessment may be reviewed upon the application of "*any person* who shall complain" etc. Such application is not confined to tax-payers by the terms of the section.

Without specially noticing any other supposed errors or informalities, to which counsel for appellant refer, we deem it sufficient to say, that they do not affect the substantial justice of the tax, and, therefore, under section 191 of the revenue act, do not vitiate the assessment. It is also to be observed, that the appellant did not ask the County board, at its meeting on the second Monday in July, to review and correct the assessment, as provided for in section 97 of the revenue law.

We think that the objection to the increase of the assessment was properly overruled by the County Court.

The second of the overruled objections is, that the special road and bridge tax for 1887 within the township of East St. Louis was illegally levied by the Highway Commissioners of said township.

The tax is claimed to be illegal, because it was levied at a meeting of the Highway Commissioners held on September 13, 1887. It is contended that the levy should have been made on September 6, 1887, and that, on that day, the commissioners held no meeting.

This objection is discussed in the cases of *St. Louis Nat. Stock Yards* v. *People ex rel. Baker, Collector,* and *The St. Louis Bridge & Tunnel R. R. Co.* v. *The People ex rel. Baker, Collector,* 127 Ill. pages 22 and 627. The rulings in those cases must govern in this case. The objection was there overruled as to the levy of forty cents made on September 13, 1887, but sustained as to the levy of twenty cents made on October 20, 1887.

The objection made by the appellant in the court below, which was sustained, related to the special tax for the year 1887 levied by the city of East St. Louis. Counsel for appellee contend in their briefs, that the County Court erred in sustaining the objection of the Bridge Company to this special tax. All the proceedings of that court in relation to such tax are in the record now before us, but we can not review them, because appellee has failed to assign cross-errors in accordance with the rule. Cross-errors must be assigned within two days after the record is filed in this Court, and not afterwards without special leave of the court; and the assignment of cross-errors, as well as of errors, must be written upon or attached to the record.

For the error in rendering judgment for the additional road and bridge tax of 20 cents on the $100.00 valuation levied October 20, 1887, the judgment of the county court is reversed and the cause is remanded.     *Judgment reversed.*