## John W. Mahany

*v.*

## The People *ex rel.* County Collector.

*Filed at Ottawa June 15, 1891.*

1. Taxation—*personal property—where taxable.* Personal property is required to be listed and assessed for taxation in the town, city or village where the owner resides.

2. The report of the collector, on his application for judgment for taxes, is *prima facie* evidence of the legality of the personal taxes assessed against a party.

3. Same—*fraudulently listed by owner in wrong town.* If a party is lawfully assessable on his personal estate, moneys and credits in a particular town, and he procures its assessment in another town, his former residence, because taxes there are not so high, for the purpose of avoiding assessment in the town of his actual residence, he will take nothing by his payment on the assessment he has fraudulently caused to be made.

4. Practice in Supreme Court — *assignment of error.* Unless an exception is taken to the ruling of the court in excluding evidence it can not be assigned for error.

Appeal from the County Court of Stark county; the Hon. John P. Hand, Judge, presiding.

Mr. Charles K. Ladd, and Mr. V. G. Fulton, for the appellant:

Different states of facts have led courts to discriminate between domicile, inhabitancy, residence, etc., and between different degrees of the same, in different actions, but it is well settled, by all cases, that the *bona fides* of a man's intention as to residence will prevail over everything but actual change or abandonment in fact in establishing the place of residence, whether as to taxation or any other action. *Hayes* v. *Hayes,* 74 Ill. 314; *Smith* v. *People,* 44 id. 16; *Wilkins* v. *Marshall,* 80 id. 74.

A man's right to be taxed where he lives is as good as the right of the People to tax him, and he may change his residence to avoid or change his taxation. *Thayer* v. *Boston,* 124 Mass. 132; *Kellogg* v. *Supervisors,* 42 Wis. 97.

As to residence as affecting eligibility to office and right to vote, see *Wilkins* v. *Marshall,* 80 Ill. 74; *People* v. *Connell,* 28 Ill. App. 285.

A poll-tax is not a tax. *Dale* v. *Irwin,* 78 Ill. 170; *Pleasant* v. *Kost,* 29 id. 490; *Fox* v. *Rockford,* 38 id. 451.

The refusal to allow appellant to cross-examine McKeighan as to his conversation with appellant regarding his residence, was error. This conversation was long before appellant was assessed in Toulon, and his statements as to his residence were proper evidence of his intention, and proper for cross-examination. 1 Greenleaf on Evidence, sec. 108; *Wallace* v. *Lodge,* 5 Bradw. 507.

Mr. B. F. Thompson, State's Attorney, for the appellees:

Moneys and credits must be assessed in the town where the owner resides. Revenue law, sec. 7; *Sivwright* v. *Pierce,* 108 Ill. 133.

The acts of the assessor must be presumed to be correct until the contrary is alleged and so far proven as to repel the *prima facie* presumptions which attach to and protect official action. *Leper* v. *Pulsifer,* 37 Ill. 110.

The collector's report is *prima facie* evidence of the legality of the tax levied. *Pike* v. *People,* 84 Ill. 80.

The collector's list, on an application for judgment, makes a *prima facie* case, and judgment should be rendered upon it, unless good cause be shown why it should not. *Durham* v. *People,* 67 Ill. 414; *Chiniquy* v. *People,* 78 id. 570; *Karnes* v. *People,* 73 id. 274; *Mix* v. *People,* 81 id. 118; *Mix* v. *People,* 86 id. 312.

Residence is a question of intention, deducible from facts and circumstances. *Wells* v. *People,* 44 Ill. 40.

On the question of intention as to residence, the declaration of a party, though admissible in evidence, is not conclusive. His declarations may be disproved by his acts. *Kreitz* v. *Behrensmeyer*, 125 Ill. 141.

As a general rule, the safest way of judging of one's intention about a particular matter is to look to his acts, rather than his professions, respecting it, especially when they are found to be in conflict. *Henderson* v. *People*, 124 Ill. 607.

Even if the appellant had a home or domicile in West Jersey, (which he did not,) yet at the same time his residence was in Toulon, within the meaning of our Revenue law, and his moneys and credits were taxable in Toulon.

A person may have a home or domicile in one State and at the same time a residence in another State, within the meaning of our Revenue law, and moneys and credits are taxable in the latter State. *First Nat. Bank* v. *Smith*, 65 Ill. 44.

If the owner is absent from the State, but the credits are in fact here, in the hands of an agent, they have a *situs* here for the purpose of taxation. *People* v. *Davis*, 112 Ill. 272; *Goldgart* v. *People*, 106 id. 25.

If a person is assessed in two towns, his election to pay in one rather than in the other is not conclusive, but he is liable in the one of his actual inhabitancy. *Lyman* v. *Fiske*, 17 Pick. 231; *Cheney* v. *Waltham*, 8 Cush. 327; *Hardy* v. *Yarmouth*, 6 Allen, 277.

His being taxed in one is not evidence that his residence and proper place of taxation are not in another. *Mead* v. *Roxborough*, 11 Cush. 362; Cooley on Taxation, 269.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an application by the county collector of Stark county, to the county court of that county, for judgment against the north-east quarter of section 11, township 12 north, range 5 east, in said county, for $298.59, being the delinquent taxes on the moneys and credits of John W. Ma-

hany, assessed in Toulon township. The proceeding was under section 183 of the Revenue law. (Rev. Stat. 1874, chap. 120, p. 888.) The only question at issue was in regard to the place of residence, for the purposes of taxation, of the appellant. Personal property is required to be listed and assessed in the town, city, village or district where the owner resides. Rev. Stat. chap. 120, sec. 7.

The taxes in question were assessed for the year 1889. Appellant is an unmarried man, and for many years has owned, and still owns, a farm in West Jersey township, in Stark county. For some twenty years appellant lived on this farm, but about four years prior to 1889 he rented it to a tenant, reserving the orchard. He thereupon commenced rooming and boarding at a hotel in the village of Toulon, in Toulon township, about four miles from his farm in West Jersey. He seems to have spent about one-third of his time in traveling about the country and in neighboring States, and the other two-thirds of his time in Toulon, attending to his business of loaning money, occasionally going to his farm and there attending to his orchard, gathering his fruit, etc., but returning to Toulon at night.

The report of the county collector was *prima facie* evidence of the legality of the taxes assessed against appellant. (*Pike* v. *The People*, 84 Ill. 80; *Mix* v. *The People*, 86 id. 312; *Durham* v. *The People*, 67 id. 414.) The objections urged by him against the validity of the taxes were, that he was not liable to be taxed for personal property in the township of Toulon; that he was a resident of West Jersey township at the time of the assessment, and liable to pay personal property taxes therein, and that he was assessed in said latter township on personal property for 1889, and paid the taxes so assessed. The evidence that was submitted to the county court in regard to his residence was not entirely satisfactory, some of it tending to the one conclusion, and some to the other. The county court both heard and saw the witnesses during their examina-

tions, and had the full benefit to be derived from a personal presence at their cross-examinations, and found that his residence was in Toulon. We have very carefully read and examined all the evidence found in the record, and we can not either say or demonstrate that the finding of the county court was erroneous, and more especially so in view of the fact that, *prima facie*, the assessment is valid. In respect to the point that appellant was assessed and paid personal property taxes for 1889 in West Jersey, it may be said that the evidence tends strongly to show that after he had knowledge that an assessment on his moneys and credits was about to be made in Toulon, he procured an assessment to be made in West Jersey, and for the reason that the taxes on an assessment in West Jersey would amount to only about one-third of what they would be on a like assessment in Toulon. If he was legally assessable in Toulon, then his mailing a schedule to the assessor of West Jersey was in fraud of his liability to pay taxes in Toulon, and he can take nothing by his payment of personal property taxes in West Jersey.

It is claimed that the trial court committed error in that it refused to permit appellant, upon his cross-examination of Matthew McKeighan, to draw out from him a conversation with appellant regarding appellant's place of residence. There are at least two good and sufficient answers to this claim. In the first place, it was not a proper cross-examination upon the examination in chief, and in the second place, no exception was taken to the ruling of the court in that behalf.

Since we are unable to say that the county court was not authorized, upon the evidence before it, to render a judgment against the real estate above mentioned for the taxes here in question, the judgment of that court is affirmed.

*Judgment affirmed.*