(No. 11178.—Reversed in part and remanded.)

THE PEOPLE *ex rel.* Henry Stuckart, County Collector, Appellee, *vs.* JAMES B. WALLER, JR., Appellant.

*Opinion filed April 19, 1917.*

1. TAXES—*burden is on objector to sustain objections by affirmative proof.* Where the county collector makes a *prima facie* case on application for judgment and order of sale the burden is cast on the objector to sustain every objection by affirmative proof.

2. The other questions in this case are controlled by the decisions in *People* v. *Day,* 277 Ill. 543, *People* v. *Huey,* 277 id. 561, and *People* v. *Daemicke,* (*ante,* p. 53.)

APPEAL from the County Court of Cook county; the Hon. JOHN H. WILLIAMS, Judge, presiding.

WILLIAM E. BRITTON, and PALMER M. GUNNELL, for appellant.

MACLAY HOYNE, State's Attorney, (SAMUEL A. ETTELSON, Corporation Counsel, CHARLES CENTER CASE, JR., FELSENTHAL & WILSON, WILLIAM F. STRUCKMANN, EDMUND D. ADCOCK, ROSS C. HALL, WALTER E. BEEBE, LEON HORNSTEIN, and JOSEPH F. GROSSMAN, of counsel,) for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

James B. Waller, Jr., appellant, filed objections to the application of the county collector of Cook county for judgments and orders of sale of appellant's property for the non-payment of certain taxes. The unpaid taxes to which appellant filed objections are all the taxes of Cook county, all taxes for the Sanitary District of Chicago and for the forest preserve district levied in 1915; also certain taxes for the city of Chicago, (1) taxes for the police and firemen's pension funds, (2) seven series of bonds authorized by the city council on March 1, 1915, and the two series of refunding bonds authorized by the city council on May 7, 1915;

also items in the levies of the county of Cook, the sanitary district and city of Chicago for loss and cost of collection, upon the ground that the same are excessive. The county court sustained objections to the forest preserve district tax and the tax levied as a part of the county tax known as parent's pension fund, but no cross-errors have been assigned as to the court's action in that regard. The court overruled all other objections of appellant and entered judgments and orders of sale, and from those judgments and orders this appeal is prosecuted.

One or more of the same objections substantially as made on this record and argued by appellant in his brief in this case were made and argued before this court in the cases of *People* v. *Day*, 277 Ill. 543, *People* v. *Daemicke*, (*ante*, p. 53,) and *People* v. *Huey*, 277 Ill. 561. All the questions raised on this record necessary to a decision of the case were decided by this court in said three causes, and the decisions in those cases necessarily control the decision in the instant case. This court held in those cases that the judgments and orders of sale were erroneous as to the county tax except the bond taxes and as to all the sanitary district taxes. The judgments and orders of sale of the lower court were affirmed in those cases as to the county and city bond taxes and also as to the taxes for the police and firemen's pension funds. Other specific objections to certain items of said taxes not raised in said three cases are raised on this record, but they will not be here considered because not necessary to a decision of the case. Some of the objections made are not supported by the evidence or are waived because not urged by the appellant in this court. The objection to the items in the levies of the county, sanitary district and city taxes for loss and cost of collection that they are excessive is of that character, as there is no proof in the record to support it. It was admitted that appellee's proof made a *prima facie* case. The burden was then cast

on appellant to sustain every objection made by him by affirmative proof.

For the reasons set forth in the three decisions above cited, the judgments and orders of sale of the county court are affirmed in part and reversed in part and the cause is remanded.                    *Reversed in part and remanded.*