(No. 14989.—Judgment affirmed.)
THE PEOPLE ex rel. E. G. Williamson, County Collector, Appellee, vs. FRANK V. ADDIS et al. Appellants.

*Opinion filed December 19, 1922.*

TAXES—*when corporate existence of school district cannot be questioned.* An objection questioning the corporate existence of a township high school district by alleging that it is neither a *de jure* nor a *de facto* district cannot be raised on application for judgment and order of sale for taxes.

APPEAL from the County Court of Stark county; the Hon. FRANK THOMAS, Judge, presiding.

JOHN W. FLING, JR., and BARNES, MAGOON & BLACK, for appellants.

F. B. BRIAN, State's Attorney, and J. H. RENNICK, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

One hundred and ten land owners filed objections in the county court of Stark county to the application of the county collector for judgment against their lands for taxes of Toulon Township High School District No. 4. The objections were consolidated and heard as one cause. They were overruled and judgment was entered against the respective tracts of land for the taxes, and the owners have appealed.

The objections question the corporate existence of the district and allege that the district is neither a *de jure* nor a *de facto* corporation. It was held in *People* v. *Leigh,* 282 Ill. 17, that this question cannot be inquired into on an application for judgment and order of sale for taxes. To the same effect are *People* v. *New York Central Railroad Co.* 301 Ill. 54; *People* v. *Zehr,* 305 id. 501; *People* v. *Cleve-*

*land, Cincinnati, Chicago and St. Louis Railway Co.* 305 id.
460; *People* v. *Zearing,* 305 id. 503; *Evans* v. *Lewis,* 121
id. 478.
                                    *Judgment affirmed.*

---

· (No. 14414.—Judgment affirmed.)

The Chicago, Burlington and Quincy Railroad Com-
pany, Appellee, *vs.* Lillie Abens, Appellant.

*Opinion filed December 19, 1922.*

1. Plats—*the title of a lot owner extends to the center of the street in a common law plat.*  In a common law plat the title of a lot owner extends to the middle of the street, subject to the public easement.

2. Same—*when plat is incorporated in petition for condemnation.*  Where the property to be taken by eminent domain is described in the petition by lot and block number of the original town plat, the plat is incorporated in the petition as fully as if it had been copied therein.

3. Municipal corporations—*when ordinances for elevation of railroad and acquisition of new street must be construed together.*  Where the elevation of railroad tracks in a public street makes necessary the acquisition of a new street or some other provision for public use and convenience, the ordinance for the track elevation must be construed with a subsequent ordinance for the acquisition of a new street as if all the terms of each were included in a single ordinance.

4. Same—*operation of railroad track in public street is a legiti-. mate use of the street.*  The maintenance of railroad tracks in the streets of a city and the operation of cars over them are legitimate uses of the streets, and the city has power to require railroad companies to elevate their tracks in streets and alleys, and for this purpose may vacate, close or permanently obstruct such streets and alleys.

5. Same—*when track elevation ordinance does not vacate the street.*  An ordinance requiring a railroad company to elevate its tracks, and permitting it, in order to comply with the ordinance, to obstruct portions of a street for its full width, does not cause a diversion of the street from the purpose of its dedication or impose an additional servitude on the street, nor does it vacate the street so as to cause a reversion of the fee to the original owner,