(No. 21982.—

THE PEOPLE *ex rel.* Sterling D. Schrock, County Collector, Appellant, *vs.* THE FIRST NATIONAL BANK OF AMBOY *et al.* Appellees.

*Opinion filed October 21, 1933.*

EDWARD A. JONES, State's Attorney, (EDWARD E. WINGERT, and GEORGE W. HUNT, of counsel,) for appellant.

H. A. BROOKS, WILLIAM J. KEHOE, and HENRY C. WARNER, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

The county court of Lee county sustained objections to the application of the county collecter for judgment and sale of certain lands to satisfy a tax levied by the community high school district No. 251, in that county. Numerous objections were filed and by stipulation were consolidated and heard as a single cause. The collector seeks review here.

The objections were that the levy for the tax had not been filed in accordance with the statute, in that the certificate was not first filed with the township treasurer and by him filed with the county clerk on or befóre the first Tuesday in August of 1931. Objections were also filed attacking the legality of the district and the valuation of the property in the district. The latter was unsupported by evidence or argument and is deemed to have been waived. The objection attacking the validity of the organization of the district is not open to investigation in a proceeding to collect tax. On such proceeding the county court may not inquire into that question. *People* v. *Addis,* 306 Ill. 68; *People* v. *Zehr,* 305 id. 501; *People* v. *Zearing,* 305 id. 503; *Trumbo* v. *People,* 75 id. 561.

It is conceded that a *prima facie* case was made by the collector. The record shows that on July 9, 1931, the board of education of the district passed a resolution providing for the levy of $11,250 for educational purposes and $4375 for building purposes. The secretary of the board made out a certificate of that levy on that date, signed by himself and the president of the board, and delivered the same to the president, who on July 17, 1931, delivered the certificate to the township treasurer. This was the original certificate of the levy. It was shown by the county clerk that two certificates had been filed—one on the 7th of August, which did not bear the signature of the township treasurer, showing that it had been filed with him. The county clerk testified that another certificate in like amount

had been filed with him, but he did not remember when or by whom. It was shown by the secretary of the board that on the 7th of August (the last day for filing the certificate with the clerk) be brought to the office the duplicate, which he also filed, and that he found the original, signed by the township treasurer, on file at that time. He testified that because of the absence from the State of the township treasurer he feared that he might not have filed it in time but found that he had done so. The original certificate of levy could not be produced, the clerk testifying that he had searched his files and could not find it. He testified also that he had used it for comparison when he checked the levy with his books, at which time both certificates were on file. He also stated that the amount of the levy was the same in each certificate in the county clerk's office. There is no evidence on the part of the objectors that the original certificate was not filed in due course.

It has long been the rule that the burden rests upon the objectors to sustain by affirmative proof any objection filed; (*People* v. *Waller*, 278 Ill. 132;) also that a presumption exists of the due performance of official duties by those in charge of the matter of levying a tax. (*Pike* v. *People*, 84 Ill. 80.) The report of the county collector is *prima facie* evidence of the legality of the tax. (*Mahany* v. *People*, 138 Ill. 311.) There is no basis in the record for sustaining the objection that the certificate was not duly executed and filed in accordance with the statute.

It is also argued that the board of education was not justified in levying the amounts for building and educational purposes. It is stipulated in the record that the school district owned no building; that on July 8, 1931, the board secured the services of an architect to design plans and specifications for the erection of a high school building; that on April 25, 1931, an election had been held at which three propositions were voted on and carried—

to locate a school house site, to purchase the site for the district, and to authorize the board to build a new school house. It is also stipulated that on August 29, 1931, an election was held to vote on the issuance of bonds for building purposes in the sum of $30,000, and that at this election the proposition was defeated. Counsel for objectors say that there was therefore no justification for the levy of a tax of $4375 for building purposes. The stipulation shows that at the time this levy was made the people had directed the building of a school. It also appears that they later rejected the proposition of issuing bonds for such purpose. There appears, therefore, to be no way in which the board can comply with the wishes of the district and erect a school building other than to levy a tax for building purposes. There is no showing here of any facts to indicate that the board so abused the discretion vested in it as to amount to a fraud, and this objection is not good.

It is also argued that the amount for educational purposes is excessive, and that it was evidently levied with the purpose of transferring it to a building fund. There is no evidence of this purpose. There are forty children of high school age in this community high school district, and at the time of the levy no one knew that the proposition to issue bonds for the building of a school house would be defeated. It is not shown wherein the levy for educational purposes was excessive.

The judgment of the county court is reversed and the cause remanded, with directions to that court to overrule all objections to the tax.

*Reversed and remanded, with directions.*