(No. 26891.—

THE PEOPLE *ex rel.* Alva S. Henry, County Collector, Appellee, *vs.* NEW YORK CENTRAL RAILROAD LINES, Appellant.

*Opinion filed November 18, 1942—Rehearing denied Jan. 15, 1943.*

JESSE PEEBLES, (SAMUEL W. BAXTER, and THOMAS A. McCORMACK, of counsel,) for appellant.

JOHN P. MADDEN, State's Attorney, (MURPHY & MURPHY, of counsel,) for appellee.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This is an appeal from the judgment of the county court of Macoupin county overruling the objections of appellant to a part of the taxes for the year 1940 levied by School District No. 164. The objections of appellant state that in this district a rate of $2 had been extended for educational purposes, a rate of 65¢ for building bonds, and a rate of 10¢ for building purposes; that the authority for the increased rates is supposed to be the result of an election held in October, 1938; and that appellant objects to $1 of the rate extended for educational purposes and 37½¢ for building purposes in said school district, on the ground that the record of said district did not show that the essential steps required by the statute were taken in calling, holding, and ascertaining the result of said election, and on the

further ground that the ballot voted at said election did not conform to the requirements of section 16 of the Ballot Law, (Ill. Rev. Stat. 1941, chap. 46, par. 305,) and the election was void for that reason.

In opposition to appellant's claim that the election was void because the form of the ballot did not comply with the requirements of section 16 of the Ballot Law, appellee contends that this section has never applied to school elections similar to the one in question, and that inasmuch as section 189 of the School Law (Ill. Rev. Stat. 1941, chap. 122, par. 212) which authorizes the calling of the election, does not prescribe the form of the ballot, conformity to section 16 of the Ballot Law is not required, and the board of education had the right to submit the ballot in such form as they saw fit, the only requirement being that the propositions voted upon be submitted in such form that the voters would not be misled and could readily understand what they were being called to vote upon. This court has recently held, in the case of *People ex rel. Toman* v. *Chicago Great Western Railroad Co.,* 379 Ill. 594, at page 598 of the opinion, that inasmuch as section 189 of the School Law does not provide a form of ballot to be used in elections authorizing an increase in tax rates, section 16 of the Ballot Law governs the form in which the propositions are to be submitted to a vote of the people. This section provides that whenever a public measure is submitted to be voted upon by the people of any district the substance of the measure shall be clearly indicated on a separate ballot, and two spaces shall be left upon the right-hand margin thereof, one for the votes favoring the measure to be designated by the word "yes," and one for the votes opposing the measure, to be designated by the word "no," as in the form set forth in the statute. The ballot voted in the election of October 22, 1938, was in the following form:

· OFFICIAL BALLOT

(The voter will place a cross-mark in the square opposite and following the proposition that indicates his choice.)

Proposition No. 1

| For the proposition to authorize the board of education of school district No. 164 in Macoupin County, Illinois, to levy an annual tax of not to exceed 2 per cent for educational purposes. | |
|---|---|
| Against the proposition to authorize the board of education of school district No. 164 in Macoupin County, Illinois, to levy an annual tax of not to exceed 2 per cent for educational purposes. | |

Proposition No. 2

| For the proposition to authorize the board of education of school district No. 164 in Macoupin County, Illinois, to levy an annual tax of not to exceed ¾ of 1 per cent for building purposes. | |
|---|---|
| Against the proposition to authorize the board of education of school district No. 164 in Macoupin County, Illinois, to levy an annual tax of not to exceed ¾ of 1 per cent for building purposes. | |

As readily appears, this ballot did not conform to the requirements of section 16 of the Ballot Law. It did not submit either of the propositions voted upon in the form prescribed by that section, which is:

| Shall (here print the substance of the public measure). | Yes | |
|---|---|---|
| | No | |

It did not have two spaces upon the right-hand margin of each proposition submitted, one for the votes favoring the proposition, designated by the word "yes," and one for the

votes opposing the proposition, designated by the word "no."

This court has repeatedly held that the form of the ballot must conform to the statutory mandate, and a failure to observe such provision of the law is a matter of substance and renders the election void. (*People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423, 430; *People ex rel. Hudson* v. *Cleveland, Cincinnati, Chicago and St. Louis Ry. Co.,* 360 id. 180; *People ex rel. Woods* v. *Myers,* 256 id. 529, 532.) In the case of *People ex rel. Wangelin* v. *Baltimore and Ohio Southwestern Railroad Co.,* 372 Ill. 38, 45, we held to be valid and sufficient a ballot levying a county tuberculosis sanitarium tax in addition to the statutory limit, which was substantially in the form prescribed by section 27 of the Counties Act and the County Tuberculosis Sanitarium Act, the wording of the ballot being the same in meaning, although not in the exact language used in the statute. Also in the case of *People ex rel. Howard* v. *Chicago and Eastern Illinois Railroad Co.,* 296 Ill. 246, we held as valid a ballot for levying a special tax for road purposes, which was substantially, although not exactly, in the words prescribed by the statute, the ballot used stating the proposition more fully than was required by the Road and Bridge Act. In the *Baltimore and Ohio Southwestern Railroad Co. case, supra,* the proposition voted on was stated in both the affirmative and negative form as the statute specified; and in the *Chicago and Eastern Illinois Railroad Co. case, supra,* the proposition was submitted with squares opposite the words "yes" and "no" on the right-hand margin, as the statute in that instance specified. The basis of all the holdings of this court in cases involving the form of the ballot would seem to be, as stated by Mr. Justice Farthing in the case of *Knappenberger* v. *Hughes,* 377 Ill. 126, that the submitting of the proposition in both the affirmative and negative form when the statute so provides, and the submitting of the proposition in one form only, with the

words opposite "yes" and "no," when the statute so provides, are mandatory requirements, the failure to comply with which will render the election void, and that these requirements are matters of substance. Not every deviation from the form of ballot prescribed by the applicable statute will render an election void, but to have such effect the deviation must be in a matter of substance. (*Knappenberger* v. *Hughes, supra.*) If it is equally evident what the voter is voting for, or against, from the proposition as stated in the ballot used, and the only deviation from the statute is that the voter is given more information than the statute requires, the election will be held valid. (*Knappenberger* v. *Hughes, supra; People* v. *Chicago and Eastern Illinois Railroad Co., supra.*) Appellee urges that the voters, by a reading of the ballot, could understand each proposition as clearly as if the words "yes" and "no" were written to the right of the proposition, and calls attention to the fact that, in many places in the statutes, voters are called upon to vote for or against propositions. Statutes other than section 16 of the Ballot Law are not applicable to the form of the ballot now before us, (*People* v. *Chicago Great Western Railroad Co., supra*) and we do not feel impelled or think proper to depart from the holdings of this court as to what are matters of substance in the form of the ballot. The election of October 22, 1938, being void for want of a proper ballot, cannot be relied upon as authorizing a tax in excess of the statutory maximum. This being so, it is not necessary to consider the other points raised by appellant.

Under section 189 of the School Law, as amended in 1935, the county clerk is required to extend a separate tax sufficient to pay all installments of bonds and interest, and then deduct the necessary bond rate from the authorized maximum rate for building purposes (whether that rate was the statutory one or a higher rate resulting from a referendum,) and if this subtraction left a remainder, a

building-purpose tax could also be levied not to exceed such remainder, but if the total amount necessary to meet principal and interest on bonds results in a rate greater than the maximum authorized for building purposes, then no building tax can be extended, any rate which can be levied and extended for building purposes being the difference between the legal maximum rate for such purposes and the rate for bonds. (*People ex rel. Miller* v. *Mobile and Ohio Railroad Co.,* 374 Ill. 376, 383; *People ex rel. Hartman* v. *Terminal Railroad Association,* 375 id. 186; *People ex rel. Hempen* v. *Baltimore and Ohio Railroad Co.* 379 id. 543, 554.) The constitutional requirement that a school district shall, when issuing bonds, provide for the levy of a tax sufficient to pay maturing principal and interest is mandatory and self-executing. (*People* v. *Baltimore and Ohio Railroad Co., supra.*) It controls any statutory direction or requirement, (*People ex rel. Hicks* v. *New York, Chicago and St. Louis Railroad Co.* 323 Ill. 493, 497,) and nullifies any limitation on the collection of taxes that will not permit the payment of the bonded indebtedness aforesaid. (*People ex rel. Schaumleffel* v. *Hoerr,* 294 Ill. 338, 348.) Section 189 of the School Law, as amended in 1935, by providing that a separate bond tax shall be extended without limitation as to rate or amount, prevents any scaling down from impairing the obligation of contract created by an existing bond issue, and is a provision for the extension of the tax which had, in effect, been levied in accordance with the requirements of the constitution when the bonds were issued. It does not authorize a levy of taxes to pay bonds, but merely relates to the duties of the county clerk in extending the tax. *People* v. *Terminal Railroad Association, supra.*

The tax rate extended in this school district for the year 1940 for building bonds is 65¢ and the tax rate for building purposes 10¢. Appellant objects to 37½¢ of the rate extended for building purposes. Necessarily, a portion of the 37½¢ rate objected to is to the tax extended

for building bonds. While we concede, as claimed by appellant, that tax laws are to be strictly construed in favor of the taxpayer, nevertheless the burden rests on the party objecting to the tax to show by affirmative proof the invalidity thereof, its regularity and legality being presumed. (*People ex rel. Schrock* v. *First National Bank,* 353 Ill. 447; *People ex rel. McDonough* v. *Marshall Field & Co.* 355 id. 633.) There is a presumption of due performance of official duties by those in charge of levying the tax. (*People* v. *First National Bank, supra.*) In the absence of proof we cannot assume the school authorities violated the law, (*People* v. *Baltimore and Ohio Railroad Co. supra,*) and did not provide for the levy of a tax for the payment of the bonds when the same were issued, as required of them by section 12 of article IX of the constitution. The rate extended for building bonds does not depend for its authorization and validity upon the legality of the election held in October, 1938.

According to the record before us, the entire rate of 65¢ extended for building bonds is legal and valid, as is also $1 of the $2 rate extended for educational purposes. The rate of 10¢ extended for building purposes is invalid, as the bond rate, being in excess of the maximum for building purposes authorized by section 189 of the School Law, as amended in 1935, leaves no remainder which can be extended for building purposes.

The judgment of the county court of Macoupin county is reversed and the cause remanded, with directions to sustain the objections of appellant as to $1 of the rate extended for educational purposes and as to 10¢ of the rate extended for building purposes, and to overrule the objections as to 27½¢ of the rate for building purposes objected to, which necessarily is a part of the rate extended for payment of building bonds, and that judgment be entered accordingly.

*Reversed and remanded, with directions.*