(No. 33433.—

THE PEOPLE *ex rel.* Carl H. Kramer, County Collector, Appellee, *vs.* CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, Appellant.

*Opinion filed June 16, 1955—Rehearing denied September 19, 1955.*

TRIMBLE & TRIMBLE, of Princeton, for appellant.

CALHOUN W. J. PHELPS, State's Attorney, of Princeton, and HOLLERICH & HOLLERICH, of Spring Valley, (WM. C. HOLLERICH, of counsel,) for appellee.

Mr. CHIEF JUSTICE BRISTOW delivered the opinion of the court:

This is an appeal from a judgment of the county court of Bureau County overruling objections to taxes extended for the year 1951 for educational purposes of School District No. 175 and School District No. 502.

Appellant contends that the rate of $0.589 extended in District No. 175 was excessive to the extent of $0.10, amounting to $1,521.08, and the rate of $0.683 extended for District No. 502 was excessive to the extent of $0.25, amounting to $4008.64.

The only question involved is whether the forms of the two ballots were sufficient under the School Law in elections which were held in each district for the purpose of increasing the statutory rate.

The election was held on April 4, 1951, in District No. 175, and the form of the ballot used was as follows:

| Shall the Board of Directors of School District No. 175, Bureau County, Illinois, be authorized to levy an annual tax of seventy-five cents (75¢) for educational purposes on each one hundred dollars of full fair cash value of all taxable property including railroads in said district? | YES | |
| | NO | |

The election was held on June 30, 1951, in District No. 502 and the form of the ballot used was as follows:

| Shall the maximum tax rate for the educational fund of School District No. 502, Bureau County, Illinois, be established at .90 per cent on full fair cash value of property in said district? | YES | |
| | NO | |

It is estimated that the approximate amount of taxes extendable at the rate of .90% for education purposes will be $123,241.60 and the approximate amount extendable under the rate otherwise applicable to the next taxes to be extended without this vote and if the previous rate of .90% voted on May 13, A.D. 1947 is invalidated, would be $58,882.10.

On March 28, 1951, the School Code was amended by adding thereto section 17-5.1, which reads as follows:

"§ 17-5.1. Notwithstanding any provisions of this Article and in addition to the methods provided in this Article for increasing the tax levy, any school board may until September 1, 1951, increase its existing tax rate for educational purposes to not more than 1.125% in any district, village or city maintaining grades 1 to 8, inclusive, and to not more than 1.00% in any district, village or city maintaining grades 9 to 12, each inclusive, and to not more than 1.775% in any district, village or city maintaining grades 1 to 12, each inclusive, if

(a) such district, village or city has a population of less than 500,000 inhabitants, and

(b) if such board shall by proper resolution of two-thirds of its members stating the per cent so desired, cause a proposition for an assent to such increase to be submitted to the voters of such district, village or city at a general school election or a special election called for such purpose, and

(c) if notice of such election is published at least ten days previous thereto at least once in one or more newspapers in the school district or if no newspaper is published therein, then in one or more newspapers with a general circulation within the school district specifying the date of the election, the location of each polling place, the time of opening and closing the polls and the proposition to be submitted, and

(d) if at such election the majority of the votes cast on the proposition is in favor thereof.

"The school board, if the proposition carries, may thereafter until such authority is revoked in like manner levy an annual tax as authorized by this alternative method.

"The foregoing limitations upon tax rates are subject to the provisions of the General Revenue Law of Illinois." Ill. Rev. Stat. 1951, chap. 122, par. 17-5.1.

The following emergency clause was added to the amendatory act: "Whereas, the Supreme Court of Illinois has recently cast doubts on the validity of certain referenda therefore an emergency exists and this Act shall take effect upon its becoming a law." Laws of 1951, p. 10.

On the same day section 162a of the Revenue Act of 1939 was amended changing the requirement of a 20 days' notice of an election to increase the statutory rate for school purposes to 10 days in elections held until September 1, 1951, but leaving the provision in regard to the form of the ballot as previously provided, which reads as follows:

"The ballots to be used in any such election upon the question of adopting either a lower or higher tax-rate limit than that otherwise applicable shall be separate ballots and shall be in substantially the following form:

| Shall the maximum tax rate for the .......... fund of .......... (identify taxing district) be established at ....... per cent on full, fair cash value instead of ....... per cent, the maximum rate otherwise applicable to the next taxes to be extended? | YES | |
|---|---|---|
| | NO | |

"The ballot shall have printed thereon, but not as a part of the proposition submitted, an estimate of the approximate amount extendable under the proposed rate and of the approximate amount extendable under the rate otherwise applicable to the next taxes to be extended, such amounts being computed upon the last known, full, fair cash value; provided that any error, miscalculation or inaccuracy in computing such amounts shall not invalidate or affect the validity of any tax rate limit so adopted." Ill. Rev. Stat. 1951, chap. 120, par. 643a.

The above amendment also contained a similar emergency clause as was set forth in the addition of section 17-5.1 to the School Code.

At the same session of the legislature on, to-wit, June 9, 1951, article 5A was added to the School Code, and section 5A-13 provided as follows:

"Whenever a public measure other than the selection of a school site is submitted to be voted upon, the substance of such public measure shall be clearly indicated on the ballot and two spaces shall be left upon the right hand margin thereof, one for the votes favoring the public measure, to be designated by the word 'yes,' and one for the votes opposing the measure, to be designated by the word "no," substantially in the following form:

| Shall (Here print the substance of the public measure.) | YES | |
|---|---|---|
| | NO | |

"Any measure which deals with public policy and requires a vote shall be governed by Section 162A of the Illinois Revenue Code in so far as the provisions of the Illinois Revenue Code apply to the particular question." Ill. Rev. Stat. 1951, chap. 122, par. 5A-13.

This amendment also contained an emergency clause.

The above emergency legislation was enacted rather promptly after the opinion of this court in *People ex rel. Ruchty* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 408 Ill. 480, which was filed on January 18, 1951, and a rehearing was denied on March 15, 1951, in which we held that section 162a of the Revenue Act of 1939 was to be considered with article 17 of the School Code as it then existed and that an election could be held for an increased rate for the educational fund by referendum only after taking the previous steps referred to, and that an election to increase the rate without having had an intermediate rate authorized by previous election was void and would not authorize such increased rate.

All parties agree that the emergency amendments authorized a referendum to increase tax rates to a maximum of 1.125 without the requirement of successive referenda to authorize various stages of the increase and also provided for only a 10-day notice of the election.

We have frequently held that where a special statute declares the form of the ballot there must be a substantial compliance with the special statutory mandate, and a failure to observe such provisions of the law is a matter of substance and renders the election void. *People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490; *People ex rel. Burkholder* v. *Peoria and Eastern Railway Co.* 375 Ill. 197; *People ex rel. Sandberg* v. *Grabs,* 373 Ill. 423.

It is our conclusion that it was the intent of the legislature that the new sections 17-5.1 and 5A-13 of the School Code and the amended section 162a of the Revenue Act were to be construed together and that the elections held under the emergency legislation were to be conducted pursuant to section 162a of the Revenue Act, as is indicated by the specific provision in said sections 17-5.1 and 5A-13, making them subject to the general revenue law. This proviso would have no meaning or purpose unless it referred to the election procedure under section 162a of the Revenue Act.

We have held other sections of the School Code containing such provisions must be construed together with section 162a of the Revenue Act (*People ex rel. Ruchty* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 408 Ill. 480; *People ex rel. Ruchty* v. *Chicago and Northwestern Railway Co.* 1 Ill. 2d 574) and we can perceive no difference between the instant case and those cases.

Section 162a of the Revenue Act as amended, sets forth a form of the ballot to be used in an election for increase in tax rates under that section and provides that the ballot shall be substantially in the specified form.

As to School District 502 the ballots substantially conformed to the form of ballot described in section 162a of the Revenue Act. The ballot proper stated in substantially the language of section 162a of the Revenue Act the maximum tax rate proposed to be established for the district. It also had printed thereon an estimate of the approximate amount extendable under the proposed rate. Although the ballot proper did not contain a statement of the maximum rate otherwise applicable to the next taxes to be extended as required by section 162a of the Revenue Act, it is apparent that the decision of this court in *People ex rel. Ruchty* v. *Chicago, Milwaukee, St. Paul and Pacific Railroad Co.* 408 Ill. 480, made it impossible for the district to state with certainty on the ballot what the maximum

rate otherwise applicable to the next taxes to be extended would be. However, it does appear that in attempting to comply with section 162a of the Revenue Act they did include in the required statement below the proposition that the approximate amount extendable under the rate otherwise applicable to the next taxes to be extended without the vote would be $58,882.10. They qualified such statement and expressed their uncertainty created by the above decision by inserting the clause, "and if the previous rate of .90% voted on May 13, A.D. 1947 is invalidated." We have frequently held that not every deviation from the form of ballot prescribed by the applicable statute for voting on a proposition will render the election void, the test being whether the ballot used gives the voter as clear an alternative to vote for or against the proposition as is given by the form prescribed by the statute. (*Knappenberger* v. *Hughes*, 377 Ill. 126; *People ex rel. Wilson* v. *Illinois Central Railroad Co.* 396 Ill. 510; *People ex rel. Henry* v. *New York Central Railroad Lines*, 381 Ill. 490.) We believe it is clear that the election in District 502 substantially complied with both the School Code and 162a of the Revenue Act and was valid.

Although the election to increase the maximum tax rate for the educational fund in School District No. 502 was legal and valid, yet the ballot used in the election of School District No. 175 on April 14, 1951, for the same purpose was palpably illegal. As has been heretofore noted section 162a of the Revenue Act specifies the form of the ballot to be used in an election to increase tax rates and requires the ballot used to substantially comply therewith. The statute requires the ballot to show the old rate otherwise applicable as well as the proposed rate to be adopted. It further provides that the ballot shall have printed thereon but not as a part of the proposition submitted, an estimate of the approximate amount extendable under the proposed rate and the approximate amount extendable under the rate

otherwise applicable. The ballot used in School District No. 175 examined under the brightest light possible set forth only the proposed new rate and omitted all the other statutory requirements designed for the enlightenment and protection of the taxpayer. Moreover, although this point was not raised by the errors assigned, it would appear that the reference to the property of the railroads being subject to the proposed tax was not in compliance with, but a departure from, the statute in a very material respect. Although, as heretofore noted, the form of the ballot must substantially comply with the statutory mandate of the special statute, and not every deviation from the form of a ballot described by the statute will render the election void, yet, it has likewise been held repeatedly by this court that the form of the ballot must conform to the statutory intent and a failure to observe the statute is a matter of substance and renders the election void. (*People ex rel. Henry* v. *New York Central Railroad Lines,* 381 Ill. 490.) In School District No. 175 the ballot did not substantially conform to the prescribed form nor comply with the statutory intent, and failed to give the voter as clear an alternative to vote for or against the proposition as was given by the statutory form.

It is our opinion that the lower court erred in overruling the objections to the taxes extended in School District No. 175.

The judgment is reversed and the cause remanded with directions to sustain the objections as to School District No. 175. The judgment as to School District No. 502 is affirmed.

*Affirmed in part and reversed in part*
*and remanded, with directions.*