(No. 27265.— ▮▮▮▮▮)
HELMER C. PATTERSON, Appellant, *vs.* ROBERT E. CROWE, Appellee.— (JOHN F. TYRRELL, Cross Appellant.)

*Opinion filed January 18, 1944—Rehearing denied March 16, 1944.*

PAUL J. DONOVAN, of Chicago, for appellant.

FLOYD E. THOMPSON, of Chicago, for appellee.

ODE L. RANKIN, and JOHN F. TYRRELL, *pro se,* both of Chicago, for cross appellant.

Mr. JUSTICE FULTON delivered the opinion of the court:

On November 3, 1942, an election was held in the city of Chicago for the purpose of electing various municipal, county and State officers. In addition to the general election, the Governor of Illinois had called a special election to fill two vacancies in the office of judge of the superior court of Cook county to be held on the said date of November 3. Robert E. Crowe, the appellee, was the Democratic nominee for one of said judgeships and John F. Tyrrell was his opponent as the Republican nominee. The returns from the election were opened and an abstract of the votes made, showing that Robert E. Crowe received

779,120 votes and that John F. Tyrrell received 766,164 votes.

The appellant, Helmer C. Patterson, as a taxpayer, filed a petition in the circuit court of Cook county on December 22, 1942, to contest the election of Robert E. Crowe and named John F. Tyrrell as a party defendant thereto. Robert E. Crowe entered his appearance and filed a motion to dismiss the petition. John F. Tyrrell filed his appearance, together with an answer and counterclaim setting forth the same allegations stated in the petition. In the statement of contest filed by Patterson, he set forth many claimed irregularities in the conduct of the November 3 election. It is asserted in said petition that there were many errors, mistakes, omissions and frauds committed in connection with the tallying, tabulating and counting of votes, among other things charging the failure to count sufficient votes for Tyrrell and the counting of large numbers of votes spoiled and defective in favor of Crowe in order to insure the election of the latter by several thousand votes; that if the ballots were properly counted the results would show John F. Tyrrell elected by at least 20,000 votes.

Robert E. Crowe filed an affidavit in support of his motion to dismiss, setting forth the following facts: that an abstract of votes was duly transmitted by the county clerk of Cook county to the Secretary of State at Springfield on November 18, 1942. The returns of this special election were canvassed November 20, 1942, and a certificate was issued certifying that Robert E. Crowe had received the highest number of votes cast and he was declared elected to said office. On the same date, the Honorable Hugh W. Cross, Lieutenant Governor, issued his proclamation declaring that Robert E. Crowe was duly elected to the office of judge of the superior court of Cook county and issued a commission to the said appellee. Also, on the same date, Robert E. Crowe took the oath of office

and entered upon his duties as judge of the superior court of Cook county; that on November 23, 1942, a canvass was made concerning the other officers elected at the general election on November 3. Attached to the motion to dismiss were three exhibits, "A," "B" and "C." Exhibit "A" was a photostatic copy of the certificate of the State canvassing board, showing the vote cast for various candidates for judges of the superior court of Cook county to fill vacancies at the special election held November 3, 1942, certified as correct by Edward J. Hughes, Secretary of State, and showing that Robert E. Crowe received the largest number of votes at said election. This certificate was also signed by the Auditor of Public Accounts, State Treasurer and the Attorney General in the presence of Hugh W. Cross, Lieutenant Governor and Acting Governor, and dated November 20, 1942.

Exhibit "B" was a photostatic copy of the proclamation of the Governor showing the result of the State canvassing board and declaring Robert E. Crowe elected to the office of judge of the superior court of Cook county at the election held November 3, 1942. This proclamation was signed by Hugh W. Cross, Lieutenant Governor and Acting Governor, and dated November 20, 1942.

Exhibit "C" was a certified copy of the commission issued by Hugh W. Cross, Lieutenant Governor and Acting Governor, dated November 20, 1942, certifying that from the official abstract of votes cast, and the canvass of same by the State officers, Robert E. Crowe was duly elected judge of the superior court of Cook county.

In opposition to the motion to dismiss, Helmer C. Patterson filed his affidavit stating upon information and belief that the State canvassing board did not meet in the presence of the Governor until November 23, 1942, and that the certificates issued with respect to the canvass of votes for judge of the superior court to fill the vacancy were untrue and are void because the State officers whose names

appear on said certificates did not meet and canvass the votes on November 20, 1942, and did not personally sign the certificates.

On the hearing of the motion to dismiss, the appellant offered to prove by Hugh W. Cross, if called as a witness, that he was not in Springfield on November 20, 1942; that the members of the State canvassing board did not meet in his presence on November 20, 1942, and that they did not personally sign the certificate bearing date November 20, 1942. He also offered to prove that if Warren Wright, State Treasurer, Arthur Lueder, Auditor, and George Barrett, Attorney General, were called as witnesses, they would testify that they did not meet with anyone as members of the State canvassing board on that date.

The appellee, Robert E. Crowe, objected to the affidavit filed by Helmer C. Patterson and to the offer of proof in support thereof on the grounds that the records of the office of the Secretary of State cannot be contradicted by parol testimony; that there is nothing in the affidavit or offer of proof to indicate that regularly authorized deputies did not perform the functions of the State officers composing the canvassing board and that there is nothing in the affidavit or offer of proof to show that there was any other canvass and proclamation as to the special judicial election than those shown by the certificates attached to the motion to dismiss. The court sustained the objection to the affidavit and also the offer of proof and dismissed the complaint on the ground that it was filed too late. There was no further trial of the case, all of the proceedings being heard on the motion to dismiss.

It is conceded that this court has often proclaimed that election contests are statutory proceedings and the procedure prescribed by statute must be strictly followed. (*Flake* v. *Pretzel,* 381 Ill. 498; *Hulse* v. *Nash,* 332 Ill. 500.) In section 113 of the Elections Act (Ill. Rev. Stat. 1941, chap. 46, par. 116,) it is provided that any person

desiring to contest an election shall, within 30 days after the person whose election is contested is declared elected, file with the clerk of the proper court a vertified statement setting forth the points on which he will contest the election. This provision of the statute is jurisdictional and, unless followed by the contestant, his statement of contest must be dismissed. *Armstrong* v. *Wilkinson,* 346 Ill. 322.

It is insisted by the appellee, Robert E. Crowe, that the records of the office of the Secretary of State are conclusive evidence of the fact that his election was declared on November 20, 1942, and a proceeding to contest such election filed on December 22, 1942, comes too late. The appellants contend that parol evidence is admissible to show that no canvass by a State canvassing board was held on November 20, 1942, and that the Exhibits "A," "B" and "C," attached to the motion to dismiss, were not executed by the officials whose signatures they purport to bear. They cite a number of cases from foreign jurisdictions in support of their position but none of them are persuasive or convincing. The law of Illinois has definitely established the rule to be that where public officials are required to keep a record of the proceedings of their offices, the record constitutes the only lawful evidence of action taken, and cannot be contradicted, added to or supplemented by parol. (*People ex rel. Toman* v. *Chicago Heights Terminal Transfer Railroad Co.* 375 Ill. 590; *Jackson Park Hospital Co.* v. *Courtney,* 364 Ill. 497; *City of Belleville* v. *Miller,* 257 Ill. 244.) Appellant had the full thirty days from November 20, 1942, in which to file a contest. The declaration of appellee's election was announced publicly through the proclamation issued by the Lieutenant Governor as acting Governor, which was certified to by the Secretary of State, by the issuance of the commission to Robert E. Crowe, and by his taking the oath and assuming the duties of the office of judge of the superior court of Cook county, all on November 20, 1942. After the ex-

piration of thirty days from that date the public policy of Illinois and the repeated decisions of this court will not permit the records of proceedings of such public acts to be challenged by parol evidence.

The charge that the State officers did not actually execute the certificate of election and the commission personally are at best only irregularities. It is not claimed that the regularly authorized deputies did not perform the functions of the State officers in the issuance of the said documents. In *People ex rel. Woods* v. *Green,* 265 Ill. 39, although no provision in the Township Organization Act required the canvassing board designated in section 7 of article 7 of said act, to canvass the returns of an election on the proposition to levy a hard-roads tax, yet it was held that the legislature intended the returns to be canvassed by such board, and the failure of a proper canvassing board to canvass the returns was held not fatal to the tax. It was said in that case: "This court has frequently held that the provisions of the election statutes as to the manner of conducting the details of an election are not mandatory but directory, and that mere irregularities in the manner of proceeding, and which deprive no legal voter of his vote and do not change the result will not vitiate an election. * * * The failure of the proper election officials to canvass the returns should not be permitted, in a proceeding of this kind, to defeat the will of the people as manifested at the election."

It is our judgment that the proceeding to contest the election in this case was filed too late to give the court any jurisdiction over the same, and the order of the circuit court sustaining the motion to dismiss is affirmed.

*Judgment affirmed.*