(No. 36971.—

WALTER C. DOHL, JR., Appellant, *vs.* JOHN E. MECH *et al.,* Appellees.

*Opinion filed May 25, 1962.*

Romie J. Palmer, of Blue Island, and Arthur C. Thorpe, of Chicago, for appellant.

John F. Hoover, of Arlington Heights, and A. G. Scheele, of Chicago, for appellees.

Mr. Justice Solfisburg delivered the opinion of the court:

On April 18, 1961, an election was held for the office of police magistrate of the village of Posen, Cook County, Illinois. The result of the canvass of the votes was that John E. Mech was elected police magistrate by a margin of two votes over Walter C. Dohl, Jr., the plaintiff. Dohl on May 31, 1961, filed a petition in the county court of Cook County contesting the election, and on June 2, 1961, defendants John E. Mech and Steve Otrosa, village clerk of the village of Posen, filed their answer. On August 17, 1961, a visiting judge in the county court of Cook County entered an order finding that the petitioner had failed to sustain the burden of proof as to the preservation of the ballots in that there was no evidence introduced as to the condition of the ballots at the time they were received by the village clerk and ordered that the election contest filed by the petitioner Dohl be dismissed. From that order Dohl has appealed to this court.

It is the contention of the plaintiff that the preservation of the ballots was established by defendants' admission in their answer and by stipulations of counsel and that, therefore, it was unnecessary to submit evidence on the question of preservation of the ballots. It is the further contention of the plaintiff that the evidence adduced shows that the plaintiff won the election and that the case should be remanded with instructions to grant the relief sought by the plaintiff. Defendants argue that the plaintiff never estab-

lished that the ballots had been properly preserved by the pleadings or by stipulation. They refrain from arguing the validity or invalidity of the contested ballots in this court for the reason that the trial court never entered an order adjudging the validity of the contested ballots.

The plaintiff in his petition to contest the election alleged in paragraph 10 as follows: "Petitioner is informed and believes, and upon such information and belief, states that after the close of the polls in the respective election precincts in the Village of Posen on April 18th, 1961, and after the ballots had been counted and placed in containers furnished for them, said containers were sealed by the judges in each of the precincts of the Village of Posen, and the containers containing the voted ballots in said precincts were delivered to the Clerk of the Village of Posen by the said judges of the respective precincts, pursuant to law, and that said containers have been in custody of the Village Clerk of said village since the date of said election." Defendants in their answer admitted this allegation.

On June 2, 1961, counsel for both parties appeared before the court and when the question of the preservation of the ballots arose, attorney for the defendants stated: "I will stipulate that the present Village Clerk from the time he received them to the time he delivered them to the Court he preserved them properly. This I will stipulate." There is then a colloquy between counsel for both sides and the court, in which counsel for the defense raised questions concerning the condition of the ballots at various stages of their being handled, from the judges of the election to the county clerk, and at that time counsel for the petitioner pointed out that defendants had admitted that the ballots were turned over pursuant to law. The judge thereupon entered an order stating that he had examined the pleadings, had heard the arguments, and oral stipulation of the respective counsel, and, being advised in the premises,

thereby ordered that petitioner William C. Dohl, Jr., had established a *prima facie* case as to the preservation of the ballots. He further ordered that the ballots be recounted by a canvassing board.

Commissioners thereafter canvassed the ballots and there appeared to be 26 contested ballots. On June 5, 1961, counsel appeared before the court and informed the court that they had the count for each precinct. Thereupon they argued the validity or invalidity of each contested ballot. Confusion resulted because there was no identification of the exhibits presented. Later in that hearing the attorney for defendants asked to present some law on the matter and asked to include in his memorandum an argument to the effect that at no time in the preliminary hearing did counsel for plaintiff present any evidence to make a *prima facie* case as to the preservation of the ballots. The court ordered counsel for both parties to prepare a memorandum and an order.

On August 17, 1961, the court indicated that he was going to change his ruling on the preservation of the ballots and hold that the case be dismissed for the lack of proof that the ballots were preserved. Thereupon counsel for the plaintiff protested that the court had already entered an order on June 2, 1961, that petitioner Dohl had established a *prima facie* case as to the preservation of the ballots. He pointed out that thereafter they proceeded with the counting of all the ballots, relying on the order of June 2, and submitted long briefs as to the legal effect of each contested ballot. He therefore argued that no evidence was adduced as to preservation because of the judge's order of June 2, and that they were thereby misled. After argument before the court by both attorneys, attorney for the plaintiff moved to be allowed to bring in testimony with reference to the preservation of the ballots. That motion was denied and the court entered the order, hereinbefore referred to, finding

that the plaintiff had failed to prove a *prima facie* case of preservation of the ballots and ordering that the election contest be dismissed.

Under section 40 of the Civil Practice Act (Ill. Rev. Stat. 1961, chap. 110, par. 40) all allegations, except allegations of damages, not explicitly denied are admitted. Although paragraph 10 of plaintiff's complaint did not expressly say that the ballots were, when received by the county clerk, in the same condition as they were when delivered by the election judges to the village clerk, this allegation was obviously designed to show that the condition of the ballots had not changed at any time and that they were handled pursuant to law. No contention is made that the ballots showed any evidence of being tampered with. The brief of appellees states "As a matter of fact, the stipulation established only the admission on the part of the appellee that from the time that the Village Clerk received the ballots until they were delivered to the Court they were properly preserved." However, defendants contend that it is not a stipulation as to the ballots remaining in the same condition throughout their handling. Nevertheless, the ballots were counted and there was never any contention made that they were tampered with.

. Considering that the court on June 2 entered an order holding that the plaintiffs had proved a *prima facie* case of preservation; that both parties accepted said order at that time and proceeded to have the commissioners count the ballots; that plaintiff paid for the counting of the ballots by the commissioners pursuant to order; and that each counsel argued the validity or invalidity of the ballots contested and submitted briefs thereon, we find that it was improper for the court to thereafter enter an order finding that the *prima facie* case of preservation was not proved and to dismiss the election contest. Relying upon the court's ruling of June 2 as to preservation, it was unnecessary for the plaintiff to offer any further proof. Once the *prima facie*

case of preservation is established, it is the responsibility of the defendant to overcome such *prima facie* proof by whatever evidence he may produce.

Even if the court had been in error in holding, pursuant to admission and stipulation, that the *prima facie* case had been established, he should not thereafter have deprived the plaintiff of the opportunity of proving preservation. However, he did this when he refused to grant plaintiff's motion to offer evidence of preservation and summarily dismissed the election contest for failure to prove the *prima facie* case of preservation.

Defendant, on the question of admission by the pleadings, relies upon *Shouse* v. *Dieterich Community Unit School,* 3 Ill. App. 2d 474, but that case is not in point, as the allegations of preservation in the complaint were there denied in the answer. Nor is the case of *Kreitz* v. *Behrensmeyer,* 125 Ill. 141, applicable. In that case the court held that the plaintiff in an election contest has a burden of making out a *prima facie* case that the ballots have not been tampered with and that, where issue is joined on that allegation, it then evolves upon the contestant to make out by evidence, at least, a *prima facie* case. Nowhere in the answer in the case at bar have the defendants alleged that the ballots were tampered with, but have admitted that the ballots were handled pursuant to law. Not having denied preservation by answer or otherwise, or asserted in the pleadings that the ballots were tampered with, issue was not joined on that question in the instant case. We, therefore, hold that the trial court should have considered the validity of the contested ballots, (*Wood* v. *Hartman,* 381 Ill. 474,) and the cause must be reversed and remanded for that purpose.

Plaintiff contends that the hearing on the 26 contested ballots revealed that plaintiff had been elected, and that the cause should be remanded with instructions to declare plaintiff elected. It appears, however, that the trial court en-

108

tered no order adjudging the validity of the contested ballots, and that question is therefore not properly before us.

Being of the opinion that, under all the circumstances of this case, the trial court erroneously held that the plaintiff had failed to prove a *prima facie* case of preservation and that the validity of the ballots should have been determined, the order of the trial court is reversed and remanded, with directions to determine the validity of the contested ballots and to enter a proper order.

*Reversed and remanded, with directions.*