(No. 37945.— ▉▉▉▉▉▉▉▉

FRANK EASDALE *et al.,* Appellants, *vs.* SPARTA COMMUNITY SCHOOL DISTRICT *et al.,* Appellees.

*Opinion filed November 26, 1963.*

SAM S. PESSIN, of Belleville, for appellants.

WILLIAM A. SCHUWERK, State's Attorney, of Chester, and CONN & CLENDENIN, of Sparta, for appellees.

Mr. CHIEF JUSTICE KLINGBIEL delivered the opinion of the court:

Certain electors who had voted in the election at which Sparta Community Unit School District No. 140 was organized in Randolph County filed a complaint in the county court of that county to contest the election. A trial was had without a jury, at the conclusion of which a judgment was rendered sustaining the organization of the district. Plaintiffs appeal.

The petition to organize the district was filed on March 25, 1960. It appears that less than twelve months prior thereto a similar proposition had been submitted to the voters and defeated. The plaintiffs' first contention is that the present election was premature because of section 4B—5.1 of the School Code, which provides that territory involved in proceedings to change the boundaries of a school district shall not be again involved in such proceedings until at least one year has expired. (Ill. Rev. Stat. 1959, chap. 122, par. 4B—5.1.) Plaintiffs also complain that a grade school district, some of whose territory is included in the new district,

is left without a school building, and that other alleged defects exist in the steps preliminary to the election itself. The defendants contend that all such matters were determined, or could have been determined, in previous administrative review proceedings.

The record shows that after the county superintendent approved the petition, two of the present plaintiffs together with others sought and obtained a review of the decision, in accordance with the Administrative Review Act, as permitted by section 11—6 of the School Code (Ill. Rev. Stat. 1961, chap. 122, par. 11—6.) Their appeal from an adverse judgment in the circuit court was dismissed by the Appellate Court. It is not disputed that the issues now sought to be raised were decided, or could have been decided, in the former proceedings. We think it is clear that the plaintiffs are not entitled to assert, in the present suit, these issues relating to proceedings prior to calling the election. Even if they were appropriate in an election contest, the decision on administrative review is *res judicata. Harmon* v. *Auditor of Public Accounts,* 123 Ill. 122.

Plaintiffs next insist that the ballots at the election were printed upon paper through which other persons could see how voters had voted, and that the circuit court should therefore have declared the election invalid. The contention must be rejected. It is true that some witnesses testified they could see the mark when the ballot was folded only once. But upon our examination of the evidence, including official ballots introduced and admitted as exhibits, we are satisfied that the record is sufficient to support the trial court's conclusion. The ballots were not shown to have been defective.

The final contention is that the court erred in refusing to admit the ballots in evidence, to open the ballot sacks, and "to see the true results of the election." The complaint, in general terms alleges many errors, omissions and mistakes of the election officials. Among other things it is charged that they failed to count large numbers of ballots voted

against the proposition, marked certain ballots spoiled or defective which were in fact lawful ballots against the proposition, and improperly counted in favor of the proposition ballots bearing distinguishing marks. It is further alleged that if all legal votes were properly counted it would show the proposition defeated.

Defendants directed no motion at the complaint but merely answered with a denial, thus making issues of fact. They now insist, nevertheless, that before the ballots may be admitted in evidence or recounted there must be a *prima facie* case of irregularity, that ballots may not be inspected unless some evidence is first introduced to support the allegations. Cited in support of this position are *Kreitz* v. *Behrensmeyer*, 125 Ill. 141, and *Zahray* v. *Emricson*, 25 Ill.2d 121. In the *Kreitz* case it was held that where issue is made, objection will no longer lie that the charges of impropriety are too general and indefinite or were made on mere suspicion. It was further held that the plaintiff in an election contest has a burden of making out a *prima facie* case that the ballots have not been tampered with, and it was decided that the preliminary proof was sufficient in that case. In the case at bar it is admitted in the pleadings and by stipulation that the ballots were properly and safely kept, and are in the same condition as when they left the hands of the precinct officials. Where such has been done the *prima facie* case of preservation is established. It is then unnecessary to introduce testimony or other evidence on the question. *Dohl* v. *Mech,* 25 Ill.2d 102.

*Zahray* v. *Emricson,* 25 Ill.2d 121, the other case relied upon by the defendants, is readily distinguishable. The trial court had denied a motion to dismiss the complaint, but the cause was ultimately dismissed at the close of plaintiffs' proof. On appeal this court, in approving the result, held that the cause should have been dismissed for insufficiency of the complaint. The complaint, or petition, was insufficient because it contained no assertion, allegation, or claim that a

recount would change the result of the election. We observed that "for all that appears in the petition the difference in votes may have been so great that none of the irregularities alleged could have affected the outcome." In the case at bar, on the other hand, the complaint sufficiently alleges that if the legal votes were lawfully counted and canvassed, "the results of said election would show that the said proposition was defeated and that it did not receive a majority * * *."

We conclude that issues of factual irregularities having been made, the plaintiffs were entitled to have the ballots opened and subjected to scrutiny, and that the county court erred in refusing their motion to that effect. The judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*