James I. McCaslin, et al., Plaintiffs-Appellants, v. John L. Moore, Defendant-Appellee.

Gen. No. 65–62.

Second District.

February 4, 1966.

Paul F. O'Neil, of Rochelle, for appellant.

John L. Moore, of Oregon, for appellee.

ABRAHAMSON, P. J.

This is an appeal from an order of the Circuit Court of Ogle County dismissing the amended petition to contest the election of the State's Attorney of that county which was held on November 3, 1964.

The amended petition stated in substance that the petitioners were electors of Ogle County; that they voted in the election of November 3, 1964; that to their information and belief a mistake was made in counting the votes in two precincts inasmuch as votes for a straight Republican ticket except for the office of State's Attorney were counted as votes for both the Republican and Democratic candidates; and that if the votes had been properly counted, "the Democratic candidate, Cuve M. Glosser, actually received more votes than the Republican candidate, John L. Moore." The petition then prays for a recount of the votes in those precincts.

A motion to dismiss was filed by the Republican candidate and apparent winner of the election, stating that the "petition does not allege facts which show the irregularities which are alleged to have occurred, if proved, would change the results of the election and that the said petition does not state a cause of action for which the proper relief could be granted by the court". On February 25, 1965, the trial court sustained the motion and dismissed the amended petition. A memorandum by the trial judge appears in the record by which she purports to establish, by a bewildering array of complicated computations, that the allegations in the amended petition were mathematically impossible. We must confess that we were unable to follow the logic in the memorandum with any semblance of precision.

■ The right to contest an election is a statutory one designed to effectuate the will of the people through orderly democratic procedures. Smith v. Township High School Dist., 335 Ill 346, 350, 167 NE 76; Mayes v. City of Albion, 374 Ill 605, 609, 30 NE2d 416.

The procedure to be followed to contest an election is provided in article 23 of the Election Code. Illinois Revised Statutes, Chapter 46. Paragraph 20 of that article sets forth the requirements of contesting the election of, among others, State's Attorneys.

> "23–20. Statement of contest—Verification. The person desiring to contest such election shall, within thirty (30) days after the person whose election is contested is declared elected, file with the clerk of the proper court a petition, in writing, setting forth the points on which he will contest the election, which petition shall be verified by affidavit in the same manner as complaints in other civil cases may be verified. Copies of such petition shall be delivered by mail to each proper clerk or board of election commissioners who is custodian of any ballots involved in the contest. The petition shall allege that the petitioner voted at the election, and that he believes that a mistake or fraud has been committed in specified precincts in the counting or return of the votes for the office or proposition involved or that there was some other specified irregularity in the conduct of the election in such precincts, and the prayer of the petition shall specify the precincts in which the recount is desired."

 The pleadings in election contests are not normally subject to the precise technical rules of ordinary civil actions. Joyce v. Blankenship, 399 Ill 136, 140, 77 NE2d 325. Nonetheless, it is necessary, that compliance is made with the substantial requirements of the statute in order to confer jurisdiction on the court. Patterson v. Crowe, 385 Ill 514, 53 NE2d 415; Whitey v. Frazier, 21 Ill2d 292, 171 NE2d 644.

██ The Supreme Court has held that, in addition to the requirements of the statute, that the petition must allege that the recount will change the result of the

357

election. Zahray v. Emricson, 25 Ill2d 121, 124, 182 NE2d 756; Easdale v. Sparta Community School Dist., 29 Ill 2d 554, 194 NE2d 306. This rule will eliminate the proliferation of unjustified and inconsequential election contests which would otherwise waste the court's time and do damage to our democratic creed.

The amended petition in this case falls far short of affording a basis for the contest sought. It neither alleges that the irregularities complained of would change the result of the election, nor does it allege facts which show that the irregularities would have such a result, and which, if proved, would render it the duty of the court to declare a defeated candidate elected. The petition fails to set out how many votes were cast in the election, how many votes were received by any of the candidates, and for all that appears in the petition the difference in votes may have been so great that none of the irregularities alleged could have affected the outcome. For these reasons, we feel that the amended petition was such that the Motion to Dismiss and the Order of the trial court are correct. Zahray v. Emricson, supra.

The judgment of the Circuit Court of Ogle County striking the petition is affirmed.

Judgment affirmed.

DAVIS and MORAN, JJ., concur.