Roger L. Schierhorn *et al.*, Plaintiffs-Appellants, *v.* John C. Marcin, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees— (Elwood R. Robertson *et al.*, Plaintiffs-Appellants, *v.* John C. Marcin, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.)

(Nos. 56722-23 cons.; )

First District (4th Division)—February 21, 1973.

Morton Siegel, of Chicago, (Kenneth S. Freedman, of counsel,) for appellants.

Richard L. Curry, Corporation Counsel, of Chicago, (William R. Quinlan and Thomas J. Cachor, Assistant Corporation Counsel, of counsel,) for appellees.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiffs, five residents of the 2nd Precinct, 46th Ward, and five residents of the 38th Precinct, 46th Ward, in Chicago, Illinois, filed this action in the Circuit Court of Cook County to contest the validity of two separate local option elections held on April 6, 1971, in which a majority of the voters voted against the sale of alcoholic liquor at retail. The defendants are John C. Marcin, City Clerk of the City of Chicago, and the Board of Election Commissioners of the City of Chicago.

The plaintiffs brought this action on April 20, 1971, pursuant to Article IX, Section 17 of the Liquor Control Act (Ill. Rev. Stat., ch. 43, sec. 182,) and allege the petition filed to place the proposition on the ballot did not contain the names of 25% of the legal voters registered in the precinct, as required by Section 2 of Article IX.

The defendants filed a motion to dismiss the complaint, in which they maintained that a petition for the submission of a local option proposition may only be contested prior to election in accordance with Section 4 of Article IX (Ill. Rev. Stat., ch. 43, sec. 169), and the trial court granted the motion.

The issues on appeal are whether the plaintiffs can contest the validity of the proposition petition after the election; whether the City Clerk has standing to contest the validity of the complaint; and whether the motion to dismiss was in proper form.

The plaintiffs contend the requirement that the petition contain the signatures of not less than 25% of the legal voters is jurisdictional and can be raised after the election under Section 17, Article IX of the Liquor Control Act, which authorizes "any five legal voters of the precinct to contest the validity of such election by filing a verified petition within 10 days after the canvas of the returns of such * * * ."

However, Section 4 of Article IX explicitly sets forth the manner of contesting the validity of the proposition petition and provides in part as follows:

"Any five legal voters of any political subdivision, district or precinct in which a proposed election is about to be held as provided for in this Act, within any time up to 30 days immediately prior to the date of such proposed election and upon filing a bond for costs, may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court for the county in which the political subdivision, district or precinct is situated, setting forth the grounds for contesting the validity of such petitions."

In the case of *Havlik v. Marcin*, (1971), 132 Ill.App.2d 532, 270 N.E.2d 189, the same issue was raised and the court stated:

"Specific portions of a statute take precedence and control in their practical application over more general portions of the same act * * *. In this situation, section 17 is a general statute concerning the field of validity of the election. By contrast section 4 is a specific statute addressed by the legislature to the most particular matter of contesting 'the validity of the petitions in such election.' "

The holding and logic of the *Havlik* case were approved in the recent case of *Zelinka v. City of Chicago*, (Ill.App.3d), decided October 5, 1972. ■■ The purpose of Section 4 is evidently to clear up any problem with the proposition petition before the trouble and expense of the election and prevent a challenger from gambling on the outcome of the election.

The plaintiffs contend the City Clerk had no standing to contest the validity of the complaint despite the express language of Section 17 of the statute, which provides in part:

"Upon the filing of such petition a summons shall forthwith issue from such court addressed to the city, village, town, township or road district clerk, as the case may be, notifying the clerk of the filing of such petition and directing him to appear before the court on behalf of such political subdivision or precinct * * *."

■■ According to the plain meaning of the statute, the City Clerk has a duty to appear on behalf of the local political subdivision and defend the action.

Finally, the plaintiffs contend the motion to dismiss was not in proper form in that the motion only set forth conclusions and arguments and did not comply with the requirements for motions with respect to pleadings.

■■ A review of the motion to dismiss shows it correctly stated that a local option referendum petition could only be contested prior to the election according to the requirements of Section 4 of Article IX, and

that plaintiffs' complaint under Section 17 could not be maintained. We find the motion to dismiss was proper in form as well as substance.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

BURMAN, P. J., and ADESKO, J., concur.