PHILLIP G. SMITH, Plaintiff-Appellant, v. BENNETT M. STEWART et al., Defendants-Appellees.

(No. 56746;

First District (5th Division)—October 12, 1973.

Donald Page Moore, of Pope, Ballard, Kennedy, Shepard & Fowle, of Chicago, for appellant.

William R. Ming, Jr., Aldus S. Mitchell, and Andrew M. Raucci, all of Chicago, for appellee Bennett M. Stewart.

Howard M. Miller, of Chicago, for appellees Chicago Board of Election Commissioners.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This is an appeal from an order dismissing plaintiff's complaint contesting the election of defendant, Bennett Stewart, as alderman of the twenty-first ward in the city of Chicago which was held on February 23, 1971.

The complaint stated in substance that plaintiff and defendant Stewart were the only candidates whose names appeared on the paper ballots used in that election; that the election was conducted under the supervision of defendants, Stanley J. Kusper, Chairman, and Francis P. Canary and Marie H. Suthers, members of the Chicago Board of Election Commissioners; that on February 25, 1971, the tallies of the seventy-three precincts comprising the twenty-first ward were canvassed and recorded and a proclamation issued by the Board declaring defendant Stewart as the duly elected alderman by a 5,227 to 4,709 vote margin; that a true count would establish that plaintiff, not defendant received a majority of the votes; that the election judges miscounted votes and declared defective ballots which were perfectly proper; that a specific number of votes in specific precincts were miscounted; that an *estimated* specific number of votes in the other precincts were miscounted; and that plaintiff's duly qualified poll watchers were improperly excluded in specific precincts. Finally, plaintiff prays that a recount be made or, in the alternative, that the court declare plaintiff the winner and duly elected alderman of the twenty-first ward.

The trial court dismissed the complaint on the basis that it was insufficient in law, and plaintiff appealed to the Illinois Supreme Court, and it was transferred to this court. The sole issue presented for review is whether the complaint is sufficient in law within the meaning of the election contest statute.

*OPINION*

The right to contest an election is a statutory one designed to effectuate the will of the people through orderly democratic procedures. *Smith v. Township High School Dist.*, 335 Ill. 346, 167 N.E. 76; *Wagler v. Stoecker*, 393 Ill. 560, 66 N.E.2d 408.

Section 21—27 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, § 21—27) provides that upon the filing of an election contest complaint "In case the court shall decide that the complaint is insufficient in law, or that the candidate who appears to have been elected on the

face of the return has been duly elected, the complaint shall be dismissed." Since there is no claim that the candidate who appears to have been elected on the face of the return was not duly elected, the only issue before us is whether the complaint is insufficient in law. In *Zahray v. Emricson*, 25 Ill.2d 121, 124, 182 N.E.2d 756, 758, the Illinois Supreme Court, in affirming the dismissal of petitions to contest an election, stated: "Equally certain is the principle that the proceedings cannot be employed to allow a party, on mere suspicion, to have the ballots opened and subjected to scrutiny to find evidence upon which to make a tangible charge." In following this principle the courts are obligated to insure carefully that all the statutory procedures are fulfilled when an election contest complaint is filed. The complaint in the case at bar falls far short of affording a basis for the contest sought. We follow *McCaslin v. Moore*, 67 Ill.App.2d 355, 214 N.E.2d 18, in holding that plaintiff's general allegation in the complaint that "a true count would establish that plaintiff, not defendant received a majority of the votes" is insufficient to meet the statutory requirement. Plaintiff does not allege that irregularities in specific precincts would change the result of the election. In paragraph 9 of his complaint he sets forth specific differences in specific precincts between the canvass and the number of votes cast. The total effect of these differences would merely reduce defendant's margin of victory from 518 votes to 113 votes. To overcome the 113 vote margin, plaintiff further sets forth in paragraph 9 "as an example" differences in certain estimates of precincts between the canvass and the number of votes actually cast. Even then the estimates are not based on plaintiff's knowledge, but according to the verification of his complaint they are based on information and his belief that the estimates are true. Nowhere does he state the basis of his information or belief. We hold, therefore, as we did in *Savage v. Frost*, 14 Ill.App.3d 1036, that since plaintiff chose to guess at or estimate discrepancies between the official and actual election results, he failed to satisfactorily allege that the irregularities would have affected the outcome of the election, as required by the statute.

The case of *Smiley v. Lenane*, 363 Ill. 66, 1 N.E.2d 213, relied upon heavily by plaintiff, is distinguishable from the case at bar. In *Smiley*, the complaint found to be legally sufficient did not involve estimates, as does the present case.

Plaintiff next contends that the decision of the trial court violates his federal and state constitutional rights. He cites no authority nor could we find any, even suggesting that the statutory requirement is unconstitutional.

In accordance with section 18—9 of the Election Code (Ill. Rev.

Stat. 1969, ch. 46, par. 18—9) the election judges entered the tallies and returned the canvass sheets to the Board of Election Commissioners. The judges certified on the face of each canvass sheet that the results are correct. These judges are officers of the circuit court of Cook County. A candidate defeated by at least 113 votes (even assuming plaintiff's allegations of *specific* discrepancies are true) should not be permitted to overcome the sworn-to findings of these officers by merely estimating voting irregularities or by other general allegations of voting irregularities or by other general allegations of voting irregularities from which it cannot be inferred that the results would have been changed. Since plaintiff chose not to amend his complaint to comply with section 21—27 of the Illinois Municipal Code (Ill. Rev. Stat. 1969, ch. 24, § 21—27) we find that the complaint was insufficient in law.

The judgment of the circuit court of Cook County is affirmed.

*Affirmed.*

DRUCKER, P. J., and SULLIVAN, J., concur.