WILLIAM J. ROBERTSON *et al.*, Plaintiffs-Appellants, *v.* JOHN C. MARCIN, City Clerk, *et al.*, Defendants-Appellees.

First District (1st Division)    No. 76-607

Opinion filed June 27, 1977.—Rehearing denied July 29, 1977.

Nathaniel R. Howse, of Chicago, for appellants.

William R. Quinlan, of Chicago (Daniel Pascale and Lucia T. Thomas, of counsel), for appellees.

Mr. JUSTICE BUA delivered the opinion of the court:

Plaintiffs, residents of the 5th Precinct of the 9th Ward in Chicago, Illinois, filed a complaint on April 10, 1975, in the Circuit Court of Cook County to have the "local option" election held April 1, 1975, in which the retail sale of alcoholic liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises was prohibited 127 to 46, declared void. The complaint alleged that the referendum proposition, as submitted to the voters, was not authorized by section 4 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, pars. 166-182). Specifically, plaintiffs alleged that, because the precinct was located in Chicago, a city with a population of 200,000 or more, the only proposition authorized by statute was "Shall the sale at retail of alcoholic liquor be prohibited in _____?" Upon motion, the

trial court dismissed the complaint and denied plaintiffs' post-trial relief. Plaintiffs appeal.

■■■ Plaintiffs initially ascribe error to the trial court's dismissing their complaint for failure to comply with provisions of section 4 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 169). Plaintiffs contend that their complaint did not in fact challenge the petition as submitted *per se*. Rather, they contend that the proposition as submitted was not provided by the Act and, as such, the election itself was void. Therefore, section 17 of article IX of the Act (Ill. Rev. Stat. 1973, ch. 43, par. 182) controls. We do not agree.

Section 4 of article IX explicitly sets forth the manner of contesting the validity of the proposition and provides in pertinent part as follows: "Any five legal voters of any political subdivision, district or precinct in which a proposed election is about to be held * * * within any time up to 30 days immediately prior to the date of such proposed election * * * may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court * * *." Illinois courts have consistently held that the purpose of section 4 is to clear up any problem with the proposition petition before the trouble and expense of the election and prevent a challenger from gambling on the outcome of the election (*Schierhorn v. Marcin* (1973), 10 Ill. App. 3d 551, 294 N.E.2d 771). Moreover, section 4 is a specific portion of the statute which takes precedence and control in its practical application over more general portions of the same act such as section 17 (*Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189; *Zelinka v. City of Chicago* (1973), 10 Ill. App. 3d 676, 294 N.E.2d 740.) Since the proposition, as submitted, was the basis for plaintiffs' complaint, section 4 controls. Therefore, any objection to the proposition, which was included in the form of the petition as also provided by section 4, should have been filed no less than 30 days prior to the election. Since plaintiffs' complaint was filed some 9 days after the election, the trial court properly dismissed it.

Having so held, we need not decide the issue of whether the proposition, as submitted, was authorized by statute.

Accordingly, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.