628

PERCY PINKERTON, Plaintiff-Appellant, *v.* JOHN C. MARCIN, City Clerk of the City of Chicago, *et al.*, Defendants-Appellees.

First District (5th Division)    No. 77-188

Opinion filed September 29, 1978.—Supplemental opinion filed on denial of rehearing February 2, 1979.

Nathaniel R. Howse, of Chicago, for appellant.

William R. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale, Marsile J. Hughes, and Edmund Hatfield, Assistant Corporation Counsel, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, a liquor licensee and owner of a cocktail lounge located in the fifth precinct, ninth ward in the City of Chicago, filed a complaint for declaratory judgment on June 4, 1976,[1] against defendants Marcin and Board of Election Commissioners, seeking to have a local option election held on April 1, 1975, declared void on the basis that the proposition submitted to the voters was not authorized by statute. (Ill. Rev. Stat. 1973, ch. 43, par. 167.)[2] The following proposition was submitted to and approved by the voters in the fifth precinct, ninth ward:

> "Shall the sale at retail of alcoholic liquor containing more than 4% of alcohol by weight except in the original package and not for consumption on the premises be prohibited in the 5th precinct of the 9th ward of the city of Chicago?"

Plaintiff alleged that because the election took place in a city with a population of 200,000 or more, the only proposition authorized by statute was "Shall the sale at retail of alcoholic liquor be prohibited in _____?" (Ill. Rev. Stat. 1973, ch. 43, par. 167.) Plaintiff further requested injunctive relief. Although it does not appear in the record, a temporary restraining order was entered on July 7, 1976. Defendants filed a motion to strike and dismiss plaintiff's complaint and a motion to

---

[1] Although plaintiff states in his brief that he filed his complaint on June 4, 1975, and defendants concede that plaintiff's complaint was filed 64 days after the April 1, 1975, election, we assume that the accurate filing date was the one stamped on the complaint by the circuit court.

[2] We note that the City of Chicago was not named as a party defendant, nor is the constitutionality of the statute here in issue.

dissolve the temporary restraining order. Defendants' motions were granted and the trial judge further ordered that plaintiff's cause of action be dismissed and that the proposition was valid. Plaintiff appeals from the trial court's order, contending that he should be afforded a remedy by way of declaratory judgment and that the proposition as written was not authorized by the relevant statute. We affirm.

## OPINION

We will not address plaintiff's contention with respect to the alleged invalidity of the proposition submitted prior to the election because there is a threshold issue on which we must resolve this matter. The question before us is whether, under the facts presented here, plaintiff even has standing to contest this election. We hold he does not.

Section 4 of article IX of the Liquor Control Act (Ill. Rev. Stat. 1973, ch. 43, par. 169) provides in relevant part:

> "*Any five legal voters* of any political subdivision, district or precinct in which a proposed election is about to be held * * * within any time up to 30 days immediately prior to the date of such proposed election * * * may contest the validity of the petitions for such election by filing a verified petition in the Circuit Court * * *." (Emphasis added.)

■■ Section 4, being a specific provision of the statute, takes precedence over more general provisions of the statute, such as section 17 of article IX (Ill. Rev. Stat. 1973, ch. 43, par. 182) which provides that any five legal voters may contest the validity of an election within 10 days after the canvass of the returns of such election. *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709; *Schierhorn v. Marcin* (1973), 10 Ill. App. 3d 551, 294 N.E.2d 771; *Havlik v. Marcin* (1971), 132 Ill. App. 2d 532, 270 N.E.2d 189.

In *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709, a challenge to the identical election in issue was launched by five residents, nine days after the returns and our court held that their complaint was properly dismissed for lack of timeliness under section 4 of article IX of the Liquor Control Act. (Ill. Rev. Stat. 1973, ch. 43, par. 169.) *A fortiori*, had plaintiff brought this action as a legal voter of the fifth precinct, ninth ward, along with four others, his cause would have been absolutely barred because his suit was brought well over one year after the election.

However, plaintiff's status here differs from that of the plaintiffs' in *Robertson*. In the case at bar plaintiff brings his action as a licensee, and not as a legal voter. Voters, as residents of the neighborhood would no doubt encounter less difficulty in enlisting the aid of other people to contest the validity of the election than would plaintiff, presumably a

stranger to the area. Furthermore, plaintiff stands to suffer economic loss as the approved proposition would directly affect his cocktail lounge operation.

Plaintiff concedes that he is without remedy under the Liquor Control Act but maintains that he is entitled to contest the election by way of declaratory judgment. We hold that he is without remedy now since none existed for him under the law at the time of the election.

■■ It has been well established in Illinois that the right to contest an election is a statutory one. (*Smith v. Stewart* (1973), 14 Ill. App. 3d 1039, 304 N.E.2d 3, *cert. denied* (1974), 419 U.S. 873, 42 L. Ed. 2d 112, 95 S. Ct. 134; *Savage v. Frost* (1973), 14 Ill. App. 3d 1036, 304 N.E.2d 1; *McCaslin v. Moore* (1966), 67 Ill. App. 2d 355, 214 N.E.2d 18.) Similarly, plaintiff's right to contest the validity of the proposition upon which this election is based was limited to that afforded him under section 4 of the Liquor Control Act. (See *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709.) "Illinois courts have consistently held that the purpose of section 4 is to clear up any problem with the proposition petition before the trouble and expense of the election and prevent a challenger from gambling on the outcome of the election (*Schierhorn v. Marcin* (1973), 10 Ill. App. 3d 551, 294 N.E.2d 771)." *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 391, 365 N.E.2d 709, 710.

■■ As of the date of the election in April 1975, the statute explicitly gave standing to any five legal voters to contest an election provided they follow certain time limits and procedures, and was silent with respect to the standing of licensees. "Where a statute enumerates persons affected, it must be construed as excluding from its effect all those not expressly mentioned." (*Shanahan v. Policemen's Annuity & Benefit Fund* (1976), 43 Ill. App. 3d 543, 547, 357 N.E.2d 582, 585.) Thus we must assume that the legislature intended to bestow standing only to legal voters in the area.

This assumption is further supported by the fact that the legislature amended the statute in 1977 to specifically afford an "affected licensee" the same remedy that "any five legal voters" enjoy under section 4 of article IX of the Liquor Control Act. (See Ill. Rev. Stat. 1977, ch. 43, par. 169.) By employing another rule of statutory construction, we find that the addition of the words "affected licensee" in the amended statute, evidences a legislative intent to change the law and create a right that did not previously exist under the prior law. (See *People ex rel. Gibson v. Cannon* (1976), 65 Ill. 2d 366, 357 N.E.2d 1180; *Creel v. Industrial Com.* (1973), 54 Ill. 2d 580, 301 N.E.2d 275.) We thus conclude that plaintiff is without standing to challenge the validity of the proposition submitted to the voters as a basis for the April 1975 local option election. Persons of plaintiff's status will be allowed to do so in future elections, provided they

comply with the procedures delineated in section 4 of article IX of the Dramshop Act (Ill. Rev. Stat. 1977, ch. 43, par. 169).

We thus hold that plaintiff's cause of action was properly dismissed by the trial court. We affirm.

Affirmed.

LORENZ and MEJDA, JJ., concur.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE WILSON delivered the opinion of the court:

In his petition for rehearing, plaintiff has pressed upon us that as a licensee and tavern owner he will lose a valuable property right if he is denied standing to challenge the allegedly invalid proposition upon which the local option election in issue was based. In our original opinion, we did not give this contention full consideration and have therefore decided to supplement our opinion.

As we have already stated, we are cognizant that plaintiff will suffer an economic loss in the operation of his cocktail lounge in that the local option election resulted in a prohibition against selling liquor containing more than 4% of alcohol for consumption on the premises. We have examined the authorities and find that courts are varied in the protection they give to the rights of liquor licensees under different contexts. We also find that the cases uniformly characterize the interest in selling alcoholic beverages at retail as a privilege and not as a property or vested right as plaintiff here urges. *Huguley v. Marcin* (1976), 39 Ill. App. 3d 230, 349 N.E.2d 564; *Malito v. Marcin* (1973), 14 Ill. App. 3d 658, 303 N.E.2d 262, *appeal dismissed* (1974), 417 U.S. 963, 41 L. Ed. 2d 1135, 94 S. Ct. 3165; *Pence v. Village of Rantoul* (1973), 12 Ill. App. 3d 446, 298 N.E.2d 775.

In fairness to plaintiff, however, we note that the precise claim presented by him has never been decided, since the same factual context has never previously arisen. Although the identical argument regarding the validity of the proposition in the election in issue was urged in *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709, there plaintiffs were five legal residents and no question was raised regarding their standing under the statute. The court never addressed their contention regarding the proposition, because it found that they had not complied with the statutory time limits. Further, in that case, Richard J. Daley as liquor commissioner was not named as a defendant, as he is here.

■ Although, again, standing was not in issue, in *People ex rel. Kramer v. Chicago, Rock Island & Pacific R.R. Co.* (1955), 6 Ill. 2d 266, 128 N.E.2d

710, the court held that where a special statute declares the form of the ballot, there must be a substantial compliance with the special statutory mandate and a failure to observe such provision of the law is a matter of substance and renders the election void. Contrary to our earlier position, we have decided that plaintiff has standing for the purpose of challenging the proposition in issue. Defendants, Chicago Board of Elections and Richard J. Daley, liquor commissioner of the City of Chicago, have not filed briefs in this court. Nevertheless, we may decide the merits of this appeal without their briefs. (See *First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.) We have concluded on the merits, that the proposition was in compliance with the statute and therefore valid.

Plaintiff seeks a construction of section 2 of article IX of the Dramshop Act (Ill. Rev. Stat. 1973, ch. 43, par. 167) as only authorizing, in a precinct election in a city of 200,000 or more, the submission of the proposition which totally prohibits the sale of alcoholic liquor. Consequently, he argues that the proposition submitted to the voters in the fifth precinct of the City of Chicago, which provided for a limited ban, was not authorized by statute.

We do not believe that plaintiff's construction bears out under a fair reading of the statute. Section 2 of article IX consists of six unnumbered subparagraphs. In the first paragraph, the statute provides that the voters in a precinct in a city, village, or incorporated town of 200,000 or more, may pass upon the question of whether the sale at retail of alcoholic liquor may be totally prohibited. The second paragraph provides that in cities, villages, and incorporated towns of 200,000 or less, the voters may decide any one of the following three alternative questions: (1) to totally prohibit the sale of liquor at retail; or (2) to prohibit the sale at retail of liquor other than beer containing not more than 4% of alcohol by volume; or (3) to prohibit the sale of liquor containing more than 4% of alcohol by weight in the original package and not for consumption on the premises.

Following the dichotomy between cities, villages, and towns of 200,000 or more and 200,000 or less in the first two paragraphs, comes the third, fourth, and fifth paragraphs which provide for certain procedural rules to follow in the running of a referendum, and guidelines to follow in prohibiting the sale of liquor in residential districts, without reference to the size of the population involved. In the final paragraph (sixth) more procedural rules are included about what to do when more than one of the alternative propositions are submitted at the same time.

We note that the subparagraphs of section 2 of article IX were not numbered as early as 1935, and have since remained unnumbered. Consequently, we believe it was the legislature's intent to have the entire

paragraph read as a whole (*Huckaba v. Cox* (1958), 14 Ill. 2d 126, 150 N.E.2d 832) and that the third through sixth subparagraphs modify the first two paragraphs. As the sixth subparagraph specifically mentions the three alternative propositions, that is, total prohibition, or the two lesser bans, we believe that it was intended that all three alternatives be available to voters in cities, villages, and towns of 200,000 or more as well as 200,000 or less.

■■ This construction of the statute is consistent with the principle that if, in looking at a statute as a whole, one is granted an extensive right one is necessarily empowered with the lesser right as well. (See *People ex rel. Gasparas v. Village of Justice* (1967), 88 Ill. App. 227, 231 N.E.2d 669.) It logically flows that if voters may pass upon the question of total ban of alcoholic liquor, they should also be permitted to vote on a limiting ban.

We therefore conclude that the trial court did not err in ruling that the proposition submitted at the subject election was valid and in compliance with the statutes. It follows that the complaint for declaratory judgment failed to set forth a meritorious issue, and the order of dismissal was properly entered.

The petition for rehearing is accordingly denied.

LORENZ and MEJDA, JJ., concur.