SAMUEL D. HENDERSON *et al.*, Plaintiffs-Appellants and Cross-Appellees, v. LORIES GRAHAM, City Clerk of the City of Green Rock, *et al.*, Defendants-Appellees and Cross-Appellants.

Third District    No. 3—87—0494

Opinion filed March 7, 1988.

Lane & Waterman, of Davenport, Iowa (Richard A. Davidson, of counsel), for appellants.

Franklin S. Wallace, of Winstein, Kavensky, Wallace & Doughty, of Rock Island, for appellees.

JUSTICE BARRY delivered the opinion of the court:

Plaintiffs brought this action against the municipal defendants in Henry County to challenge the validity of an election conducted on April 7, 1987, concerning the prohibition of sale of alcoholic liquor in the city of Green Rock. On motion of the defendants, the circuit court dismissed the complaint. Plaintiffs appeal. We affirm.

The facts are not in dispute. Prior to January 19, 1987, the sale of alcoholic liquor was prohibited in the city of Green Rock pursuant to city ordinance. On January 19, petitions were filed with the city clerk,

defendant Lories Graham, to change the law pursuant to article IX— Local Referendum—the Illinois Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 166 *et seq.*). The proposition submitted to the voters on April 7 read, "Shall the sale at retail of alcoholic liquor be prohibited in this City?"

On April 22, 1987, the plaintiffs filed a verified petition in the circuit court of Henry County contesting the election on two bases: that the form of the proposition was improper in that it followed the language of article IX, section 9—6, of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 171) instead of section 9—10 (Ill. Rev. Stat. 1985, ch. 43, par. 174); and that the petitions supporting the proposition were not filed at least 90 days prior to the election as required by section 9—10 (Ill. Rev. Stat. 1985, ch. 43, par. 174). In their amended motion to dismiss, defendants asserted that the petition was deficient because: it failed to state how the electorate voted; it did not state when an official canvas was made; and, insofar as the plaintiffs' challenge was directed to the form of the proposition rather than the election itself, the petition was not timely filed pursuant to article IX, section 9—4, of the Liquor Control Act (Ill. Rev. Stat. 1985, ch. 43, par. 169).

The trial court's order does not recite the basis for its decision to dismiss; however, it is axiomatic that a dismissal will be affirmed on review if any sound basis for such disposition may be found in the record. *Rome v. Commonwealth Edison Co.* (1980), 81 Ill. App. 3d 776, 401 N.E.2d 1032.

■ It appears that both the proposition petitions and the proposition as submitted to the voters posed the question, "Shall the sale at retail of alcoholic liquor be prohibited in [Green Rock]?" This phrase appears liberally throughout article IX of the Illinois Liquor Control Act. (See Ill. Rev. Stat. 1985, ch. 43, pars. 166, 167, 169, 171.) A cautious study of the article reveals, however, that the legislature intended to alter the proposition when the wet-or-dry issue is being put to the voters of a territory that is already dry. In this situation, section 9—10 comes into play, and the proper proposition is, "Shall the prohibition of the sale at retail of alcoholic liquor be continued in ***." The obvious purpose of the change in language for the dry-to-wet proposition is to avoid any voter confusion that could result from use of the wet-to-dry language. (It would be somewhat redundant to ask if the sale of alcoholic liquor "shall" be prohibited if, in fact, it already is.) Further, there is no question that the petitions were filed untimely—*i.e.*, less than 90 days before the April 7 election. (See Ill. Rev. Stat. 1985, ch. 43, par. 174.) Assuming, therefore, that plaintiffs

have correctly identified flaws in the referendum process, the question is whether plaintiffs' attack is properly directed to the election itself (Ill. Rev. Stat. 1985, ch. 43, par. 182), or whether their challenge is to the proposition petitions and must be mounted, if at all, no less than 30 days prior to the election (Ill. Rev. Stat. 1985, ch. 43, par. 169).

A similar situation was presented in *Robertson v. Marcin* (1977), 50 Ill. App. 3d 390, 365 N.E.2d 709. There, as here, the plaintiffs sought to invalidate an election because the form of the referendum proposition was not authorized by article IX of the Liquor Control Act. Plaintiffs argued that they did not challenge the petitions themselves, but the form of the proposition submitted to the voters. Ergo, they reasoned, the 10-day post-canvas limitation period of section 17 (Ill. Rev. Stat. 1973, ch. 43, par. 182) (currently section 9—19) controlled the filing of their challenge. The trial court disagreed. On appeal, the court affirmed the dismissal of plaintiffs' complaint. After reciting the pertinent language from section 4 (Ill. Rev. Stat. 1973, ch. 43, par. 169), the court stated:

> "Illinois courts have consistently held that the purpose of section 4 is to clear up any problem with the proposition petition before the trouble and expense of the election and prevent a challenger from gambling on the outcome of the election. [Citation.] Moreover, section 4 is a specific portion of the statute which takes precedence and control in its practical application over more general portions of the same act such as section 17. [Citations.] Since the proposition, as submitted, was the basis for plaintiffs' complaint, section 4 controls. Therefore, any objection to the proposition, which was included in the form of the petition as also provided by section 4, should have been filed no less than 30 days prior to the election." (*Robertson*, 50 Ill. App. 3d at 391, 365 N.E.2d at 710.)

We find *Robertson* directly on point with respect to plaintiffs' challenge to the form of the proposition, and we can perceive of no reason to depart from the rationale of the *Robertson* court.

In our opinion, a challenge to the filing of referendum petitions also contests the validity of the petitions, not the validity of the election. (See *People ex rel. Meyer v. Kerner* (1966), 35 Ill. 2d 33, 219 N.E.2d 617.) As such, section 9—4 controls the time during which plaintiffs' challenge should have been filed. While we can envision circumstances in which a challenge to the timely filing of petitions could not be lodged more than 30 days prior to an election, this is not such a case. The petitions here having been filed 83 days prior to the elec-

tion, plaintiffs had 53 days—amply sufficient time in which to lodge their challenge to the timeliness of the filing of the petitions. Instead, they chose to take their chances on the election. Their post-election complaint comes too late.

In sum, we hold that the circuit court did not err in dismissing plaintiffs' complaint as untimely.

█ Defendants next contend by way of a cross-appeal that the circuit court erred in granting plaintiffs' request for a stay pending appeal because the court's order did not specify that a renewed proposition to change the city's status could not be submitted to the voters until 47 months after this court's opinion becomes final. (See Ill. Rev. Stat. 1985, ch. 43, par. 175.) The trial court is vested with considerable discretion in determining whether a stay should be granted and in affixing appropriate conditions to a stay order. (See *Horvath v. Loesch* (1980), 87 Ill. App. 3d 615, 410 N.E.2d 154.) Defendants have failed to demonstrate that the trial court's stay order constituted an abuse of discretion, and we see no need to impose the requested condition given the current posture of this case.

For the reasons stated, we affirm the judgment of the circuit court of Henry County.

Affirmed.

STOUDER, P.J., and SCOTT, J., concur.